## BUCK v. LEE ET AL.

1. LANDLORD'S LIEN: *Superior to mortgagee's.*
   A landlord's lien on the crop for rent is superior to the lien of a mortgagee; and the mortgagee can not recover the crop from one holding it for payment of the rent, without first tendering the rent due.

2. HUSBAND AND WIFE: *Right to proceeds of her separate estate.*
   If a wife allow her husband to manage and control her property generally, and not, only, as her agent, it will be an assent on her part, implied from the marital relation, that he use the proceeds; and he may claim the rents from tenants of her separate property renting from him.

APPEAL from *Pope* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

### REPORTER'S STATEMENT.

On the sixth day of February, 1879, the appellant brought replevin before a justice of the peace in Pope county,

against T. J. Lee and W. B Young and John F. Haile and J. F. Trentham, for two bales of cotton, alleged to be in their possession. He claimed them by virtue of a mortgage executed to him by Lee on the twelfth of March, 1878, on his crop to be raised that year. The defendant, Trentham, claimed them by virtue of his landlord's lien for rent of the land on which Lee raised the cotton. On the trial the appellant had judgment, and the defendants appealed to the circuit court. In the circuit court the plaintiff filed a motion to dismiss the appeal, which was overruled. The grounds of the motion and the reasons for overruling it are sufficiently stated in the opinion.

On the trial before a jury, the plaintiff, to sustain the action, read as evidence, a mortgage executed to him by the defendant, Lee, on the fifteenth day of March, 1878, on his crop to be produced that year, to secure a debt then due, and subsequent indebtedness to accrue during the year, and proved that the cotton in controversy was part of the crop, and that he demanded it of the defendants before commencing the suit.

The defendant, Trentham, for defendants, testified in substance, that the cotton was raised on land he had rented to the defendant Lee, in the year 1878; for which Lee had agreed to pay him a five hundred pound bale of choice lint cotton as rent. That Lee made but two bales—both light ones—which he was moving off to dispose of when the witness overtook him about midnight, at Dover, and prevailed on him to deposit the cotton there with the defendant, Haile, until the rent should be settled. The cotton was thrown off the wagon and rolled into Young & Haile's warehouse. The land on which the cotton was raised, belonged, one-third to witness, one-third to his wife who was Lee's mother, and the remaining third to the Ro-

zelle heirs.  Witness was agent for the Rozelle heirs, and was also managing his wife's business.  She turned over to him the management of her land and her whole business when he married her in 1877.

The defendant, Haile, testified the same as Trentham as to the deposit of the cotton with him until Trentham's rent should be settled.

Defendant, Lee, testified for the plaintiff, that the land belonged to his mother.  That she had purchased a third interest in it in 1876 from a Mrs. Bradley, and agreed with the witness that if he would cultivate a part of it in 1877, and pay rent for it to assist her in paying for it, he should have the use of it for 1878, and as long afterwards as he desired, free of rent.  That he cultivated it in 1877, and paid the rent to the defendant, Trentham.  That Trentham, about the first of the year 1878, told him he would have to pay rent for that year, but he told him he would not do so, but would occupy the land under the agreement with his mother, and did so occupy it for that year.  That when the cotton was ginned, Trentham demanded rent, and fearing annoyance from him for rent, he moved the cotton off in the night to deliver it to the plaintiff on his mortgage, and to pay a small account to the defendants, Young & Haile.  He denied that he left the cotton with Haile until the rent should be settled, but said it was left there subject to his order.

There was testimony of another witness corroborating Lee's testimony of the agreement with his mother, and also testimony of a witness for defendant, that Lee told him during the summer of 1878 that he was occupying the land under Trentham, and had to pay him rent for it.

Verdict and judgment for the defendants; and the plaintiff, after motion for new trial overruled, took a bill of exceptions and appealed to this court.

*Dan. B. Granger*, for appellants:

Affidavit for appeal was not in conformity with the statute. *Gantt's Digest, sec.* 3819.

Trentham did not occupy the relation of landlord. He acted for his wife. 10 *Ark.,* 602; *ib.,* 9.

Question of title proper to determine who was landlord. *Starkie's Ev., book* 3, 993, 1181 ; *Taylor's Land. and Ten., sec.* 707.

Testimony as to the declarations of the mother were competent, as statements of a principal. *Starkie on Ev., book* 1, *pp.* 351, 352.

The burden of proof was on defendants and failed. New trial should be granted. 1 *Ark.,* 66 ; 5 *ib.,* 640.

EAKIN, J. The circuit court did not err in refusing to dismiss the appeal from the justice's court, for want of a proper affidavit. The transcript sent up to the circuit court by the justice recites, that "the said defendant filed the affidavit required by law." There appears amongst the papers copied into the transcript, filed here, a paper purporting to be an affidavit of one of the defendants, Trentham, with the *jurat* of the justice, and his note of the filing, dated of the same day, with the appeal. The affidavit states that the appeal is " not asked for delay, but that justice may be done." It is not entitled of the cause, but it sufficiently appears to have been filed therein, from its date, connected with the recital by the justice in the transcript.

1. LAND-LORD'S LIEN: Superior to mortgagee's.    If the jury believed from the evidence that T. J. Lee, the tenant, rented the lands upon which the cotton was made, from Trentham, the lien of the latter for rent was superior to the right of the mortgagee, and if Trentham, or others for him, had the cotton in possession to secure the lien for

rent, it could not properly be taken from them by the mortgagee, without a tender of the amount due.

The statutory lien of the landlord without other authority, does not entitle him to seize and appropriate the crop without legal process. But, if he comes into possession of it without trespass, and especially with the tenant's consent, for the purpose of securing rent, or if it be deposited with others for the like purpose, the rent must be fully tendered before it can be retaken by the tenant or his mortgagee.

The case would be the same, although the lands rented were the separate property of the wife, if it appeared that she allowed the husband to control and manage the property generally, and without anything to show that he acted only as her agent. There would be an assent on her part, implied from the marital relation, that she conceded the right on his part to use the proceeds, and he may claim rent from tenants under him. *2. Husband and Wife: Right to proceeds of her separate estate.*

Whether such tenancy existed, as well as all other facts in the case, was properly left to the jury; a review of the instructions discloses no material error. The evidence was conflicting, but there was enough to support the verdict; and the jury was authorized to judge of its weight.

Affirmed.