CAPE ANN NATIONAL BANK *vs.* JOSEPH J. BURNS.

Essex.   November 3. — 24, 1880.   AMES & ENDICOTT, JJ., absent.

In an action upon a promissory note, the defendant's omission to deny his signa-
ture, as required by the St. of 1877, *c*. 163, does not prevent him, under a
denial in his answer that he made the note, from contending that the note has
been materially altered since he signed it, nor relieve the plaintiff from the
burden of proving that the note remained in the same condition as when the
signature was affixed.

The unauthorized alteration of a promissory note which is complete upon its
face, and which has not been entrusted by the maker to any one for the pur-
pose of being filled up or added to, does not make him liable to an action upon
the note in its altered form.

CONTRACT upon the following promissory note: " Gloucester,
Mass., Nov. 14, 1878.   Four months after date I promise to pay
to the order of H. Rosenburg one hundred and seventy-four
dollars at Gloucester National Bank, value received.
$174.                                         J. J. Burns."

The answer denied that the defendant made the note declared
on, and denied that he signed the same.

At the trial in the Superior Court, before *Allen,* J., the gen-
uineness of the defendant's signature was expressly admitted;
and the plaintiff produced the note and rested.   The defence
relied upon was that the note was fraudulently altered, after
it was made, by the insertion of the words " one hundred
and " before the words " seventy-four," and the insertion of a
figure " 1 " before the figures " 74."

The plaintiff contended that this defence was not open under
the answer; but the judge ruled otherwise, and admitted evi-
dence, against the plaintiff's exception, that, when the note was
signed and delivered to the payee, it was a note for seventy-four
dollars only.   It was not disputed that the note was discounted
by the plaintiff in the regular course of business, before matu-
rity; and that it was then in its present condition, the plaintiff
being a *bona fide* holder for value.

The plaintiff also contended that, upon the question of altera-
tion, the burden of proof was upon the defendant; but the judge
ruled otherwise, and instructed the jury that the burden was
upon the plaintiff to prove that, when the note was signed and

delivered to the payee, it was in its present condition, to wit, a note for one hundred and seventy-four dollars, and that, unless the plaintiff established this fact by a fair preponderance of evidence, the defendant was entitled to a verdict.

The plaintiff further contended that, as the note was negotiated before maturity, the plaintiff would be entitled to a verdict, if the jury should be of opinion that the defendant negligently signed a note for seventy-four dollars, in such a condition, and with such opportunities for a fraudulent alteration, as to enable the payee to make such alteration in such manner as to show no indication to a careful observer that any such alteration had been made. But the judge ruled otherwise; and declined to submit any question to the jury except that of fraudulent alteration.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. B. Ives, Jr.*, for the plaintiff.

*C. P. Thompson*, for the defendant.

GRAY, C. J. The defendant's omission to deny his signature, as required by the St. of 1877, *c.* 163, while it prevented him from denying the signature, did not prevent him, under the denial in the answer that he made the promissory note declared on, from insisting that the note had been materially altered since he signed it, nor relieve the plaintiff from the burden of proving that the note remained in the same condition as when the signature was affixed. *Lincoln* v. *Lincoln*, 12 Gray, 45. *Davis* v. *Travis*, 98 Mass. 222. *Simpson* v. *Davis*, 119 Mass. 269.

The unauthorized alteration of the note which was complete upon its face, and which had not been entrusted by the defendant to any one for the purpose of being filled up or added to, could not make him liable to an action upon the note in its altered form. *Angle* v. *Northwestern Ins. Co.* 92 U. S. 330. *Wade* v. *Withington*, 1 Allen, 561. *Greenfield Savings Bank* v. *Stowell*, 123 Mass. 196. *Goodman* v. *Eastman*, 4 N. H. 455. *McGrath* v. *Clark*, 56 N. Y. 34. *Holmes* v. *Trumper*, 22 Mich. 427.                    *Exceptions overruled.*