## MEYER v. BLOOM.

1. LANDLORD'S LIEN: *Superior to mortgagee's.*
   A Landlord's lien upon the tenant's crop for rent is superior to that of a mortgagee.

2. SAME: *Right of assignee of rent note to crop.*
   The assignment of a rent note does not carry the landlord's lien; but if the tenant deliver the crop to pay the note to one holding it as collateral security for a debt due from the landlord, his title and possession will be upheld against the claim of the tenant's mortgagee of the crop.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

Meyer v. Bloom.

## STATEMENT.

On the fourteenth of November, 1878, Meyer, as trustee for the creditors of Tomlinson, brought replevin against Bloom for four bales of cotton, before a Justice of the Peace of Jefferson county. Finding and judgment for Bloom, and appeal by Meyer to the Circuit Court.

Upon the trial in the Circuit Court, before the Court, sitting as a jury, Meyer read in evidence: 1st. A deed of assignment executed to him by Tomlinson, on the sixth day of April, 1878, conveying to him all his lands, goods and choses in action, for the payment of his debts enumerated in the assignment. 2nd. A mortgage executed by I. J. Higgins to Tomlinson, on the first day of April, 1878, mortgaging to Tomlinson seven bales of cotton, to be raised during the year on the McCrary plantation, in Jefferson county, seven miles below Pine Bluff, to secure the payment of a note for three hundred and twenty-nine dollars, which he owed to Tomlinson, and further indebtedness to accrue for supplies during the year; and 3rd. A mortgage executed by Higgins to himself (Meyer) as trustee for Tomlinson, on the eighteenth day of May, 1878, upon his entire crop of cotton, to be raised on forty acres of the McCrary place, to secure the payment of a debt then due the trustee, and other indebtedness to accrue for supplies during the year.

It was then admitted that neither of the mortgages had ever been satisfied, and that the cotton in controversy was a part of the crop mentioned in the two mortgages, and was in the possession of Bloom at the commencement of the suit, and that the mortgagor, Higgins, had rented the land on which it was grown, from Leon Levy, for the year 1878, for the sum of three hundred and sixty dollars, for which he executed to Levy, on the twelfth day of February, 1878,

his note, payable the first day of November, 1878, and that Levy, on the twenty-sixth of February, 1878, assigned the note as collateral security to J. Berlen, for a debt of three hundred and sixty dollars he owed Berlen ; and that Berlen had, for value, transferred all his right, title, interest and claim in the note to M. Hanf & Co., and that the note had never been paid ; and that Meyer knew at the time the mortgages were executed that the land was rented from Levy, and that at the time the suit was instituted the rent had not been paid.

M. Hanf, witness for Bloom, testified that Hanf & Co. held the rent note by virtue of the transfers before mentioned ; that the cotton in controversy was delivered by Higgins to their agent to pay the note, and the agent had put it in the possession of Bloom. Finding and judgment for Bloom, and appeal by Meyer to this Court.

*White & McCain*, for appellants :

Appellee is concluded by the principle of the case of *Robert et als* v. *Jacks*, 31 *Ark.*, 597. Assignments of mere liens, independent of legal title, or *jus in re*, not tolerated at law. A lien by contract stands on no higher grounds than one arising by law. *Shepherd* v. *Thomas*, 26 *Ark.*, 617 ; *Jones* v. *Doss*, 27 (*Ib.*) 518 ; *Rankin* v. *Campell*, 28 *Ib.*

There can be no contract for lien on a crop not planted, 31 *Ark.*, 602, save by mortgage.

Mortgage after default gives legal title. 7 *Ark.*, 311 ; 18 *Ark.*, 166, 575 ; 30 *Ark.*, 520.

Landlord has no right to the crop ; only a right to enforce his lien on it. *Upham* v. *Dodd*, 24 *Ark.*, 545 ; see 29 *Ark.*, 575.

There was no consideration for the assumed promise of plaintiff's to pay the rent out of the cotton. Forbearance to sue or attach is no consideration where the *right* does

not exist. *Story on Con., sec.* 436, and cases cited. Besides, the promise is within the Statute of Frauds. 31 *Ark.*, 613; 13 *B. Mon.*, 356; 20. *Wendell*, 201; *Thrope on Verbal Agreements*, 647; 37 *Vt.*, 391.

*Martin & Taylor*, for appellee:

This case not analagous to *Roberts* v. *Jacks*, 31 *Ark.*; being an assignment as collateral security. See *Chamblee* v. *McKenzie*, 31 *Ark.*, 155.

On delivery of the cotton, of less value than the rent, to be credited on it, the right of possession and title to the property passed.

A mortgage of the crop is subject to the landlord's lien; and cannot be enforced against it. *Smith, Ex'r,* v. *Meyer & Bro*, 25 *Ark.*, 609; *Ib.*, 417; *Gantt's Digest, sec.* 4098; *Tomlinson* v. *Greenfield*, 31 *Ark.*, 559.

The cotton was, in reality, turned over to the landlord's agent for rent. The note was held by the assignee as collateral. *Crawley* v. *Riggs*, 24 *Ark*, 563; see also *Watson* v. *Johnson*, 33 *Ark.*, 737.

There was a right to attach the cotton for the rent, which was a sufficient consideration. *Curtis* v. *Brown*, 5 *Cushing*, 491–2; *Houlditch* v. *Milne*, 3 *Espinasse*, 86; *Williams* v. *Leper, Burrows*, 1886; and such promise is not within the Statute of Frauds. *Brown on St. of Fr., secs.* 204, 206; 37 *Vermont*, 391. A doubtful right to sue will make forbearance a consideration. *Story on Contracts, sec.* 440.

The Statute does not avoid parol contracts. It only prevents them being set up by oral evidence when sought to be enforced. Does not apply to executed contrats. *Brown, Stat. of Fr.*, secs. 115, 116; 46 *Vermont*, 215.

There was an exception of the rent in the mortgage.

Every person having a lien has a right to waive it. *Maxwell on Statutes*, 378; *Sedwick on Stat. and Const. Law,*

109.  The lien of the landlord never passed from him; or, if it did, re-attached with the return of the note.  10 *Humphries*, 371; 10 *Ala.*, 441; 18 *Ala.*, 371; *Bernays* v. *Field*, 29 *Ark.*, 218.  The case is like a vendor's lien.

HARRISON, J.  The lien of the landlord was superior to the mortgage, and it was in no way affected by it.  *Sevier* v. *Shaw, Barbour & Co.*, 25 *Ark.*, 417; *Tomlinson* v. *Greenfield*, 31 *Ark.*, 357; *Watson* v. *Johnson et al*, 33 *Ark.*, 737; *Buck* v. *Lee et al*, 36 *Ark.*, 525.

Being entitled to have the cotton, raised on the demised premises, applied in payment of his rent, he had the right to receive payment in it.  *Watson* v. *Johnson et al, supra; Buck* v. *Lee et al, supra.*

And, though the assignment of the note did not in law carry with it the lien, it still subsisted, and as the note was held by M. Hanf & Co. only as collateral security, the delivery of the cotton to them, in payment of it, was virtually a delivery and payment to Levy, the same in effect as if Levy still held the note and the delivery and payment had been directly to him, and he had then turned the cotton over to them in discharge of his debt to them.

The judgment is affirmed.