WATSON v. MAY.

Opinion delivered May 23, 1896.

LABORER'S LIEN—FILING CONTRACT.—The provision of Sand. & H. Dig., sec. 4787, that no third party shall be prejudiced by the existence of a laborer's lien unless a copy of the contract is filed in the recorder's office does not apply to contracts for a less period than one year, such as a contract to raise a single crop.

SAME—PRIORITY.—The lien of a mortgage upon crops to be raised is inferior to a laborer's lien, under Sand. & H. Dig., sec. 4766, giving an absolute lien to laborers on the production of their labor for such labor.

Appeal from Ashley Circuit Court.

MARCUS L. HAWKINS, Judge.

*Geo. W. Norman*, for appellant.

1. Appellant's mortgage bound the crop the same as if it had already been in existence. Sand. & H. Dig., sec. 5100; 32 Ark. 598. The title vested in appellant from the date of its execution, and any contract made with appellee afterwards was subject to appellant's rights. Sand. & H. Dig., sec. 5102, 5105. The laborer's lien act makes the lien good between employer and laborer, but no third party shall be prejudiced by the existence of such lien unless a copy is filed in the recorder's office. Acts 1875, p. 231. There can be no statutory lien to the prejudice of third parties without writing. 44 Ark. 96.

2. A contract lien is superior to a statutory lien, with the single exception of the landlord. 51 Ark. 222; Jones, Ch. Mortg. (2 Ed.) sec. 472. Unless the legislature clearly made a laborer's lien superior to that of a prior recorded mortgage, the same rule will apply as in cases of mechanics' liens. 51 Ark. 223; 5 *id.* 217; 8 *id.* 231; 25 *id.* 490; Mansf. Dig., secs. 4408, 4410; Jones on

Liens, secs. 691-3; Jones, Ch. Mortg. 474. Intervening liens takes priority, if they attach before the completion of the labor. Mansf. Dig., sec. 4436; 8 Ark. 231; 5 *id.* 218, 237; Boone, Mortg. 75; Jones, Liens, sec. 691-3.

*Robert E. Craig*, for appellee.

The act of 1875, p. 231, was long since repealed, and the decision in 44 Ark. 96 is nugatory. Sand. & H. Dig., sec. 4776; 42 Ark. 263; 50 *id.* 244; 54 *id.* 522. These were all suits to enforce laborers' liens under verbal contracts. If the statute evinces the intention to give preference to the statutory lien, it will prevail over prior liens. 51 Ark. 223; Jones on Liens, secs. 691-3; Jones, Ch. Mortg., sec. 474. The language of the statute clearly makes an exception in favor of the laborer, as it does of the landlord. Sand. & H. Dig., sec. 4727, 4794. The language as to vendors, livery-stable keepers, male animals, is "shall have a lien." In the laborer's lien act it is "shall have an *absolute* lien on the *production* of their labor." 50 Ark. 244. The intention is clear to place the laborer on a footing with the landlord. His lien is *coeval* with the coming of the crop into existence; it is the *product* of his labor.

BATTLE, J. One bale of cotton, of the value of $34, is the property in controversy in this action. Appellant, D. E. Watson, claims possession of it under a mortgage executed to him by R. P. Brown, and appellee, J. W. May, says that it was the product of labor performed by him in the service of Brown, and was received by him in payment of the amount due him for such labor.

No bill of exceptions was filed ; and the facts and the declarations of law, upon which a reversal is asked, are set out in the judgment of the court. The facts, as found by the court, are as follows: "(1) That the bale of cotton in controversy was the product of the labor of defendant, May, and delivered to him in payment for

services as such laborer, under a verbal contract with one R. P. Brown in 1891. (2) That the plaintiff Watson had a valid mortgage on the crop of said R. P. Brown for said year 1891. (3) That plaintiff's mortgage, duly acknowledged, was filed for record January 15, 1891, and defendant May's contract with Brown was made in April, 1891."

Appellant contends that his mortgage having been filed for record on the 15th of January, 1891, and the contract of appellee to perform labor .having been entered into in April, 1891, his lien upon the cotton was prior and paramount to that acquired by appellee, and that he is entitled to the possession of the cotton. The accuracy of this contention depends upon the proper interpretation of the statutes regulating laborers' liens.

<div style="float:right">Filing contract to secure laborer's lien.</div>

Section 4766, Sand. & H. Dig., provides: "Laborers who perform work and labor for any person under a written or verbal contract, if unpaid for the same, shall have an absolute lien on the production of their labor for such work and labor." Other statutes were subsequently enacted which are as follows: "Section 4783. Contracts for services or labor for a *longer period* than one year shall not entitle the parties to the benefit of this act, unless in writing signed by the parties, witnessed by two disinterested witnesses, or acknowledged before an officer authorized by law to take acknowledgments.

"Sec. 4786. Specific liens are reserved upon so much of the produce raised, and articles constructed or manufactured, by laborers during their contract as will secure all moneys, and the value of all supplies furnished them by the employers, and all wages or shares due the laborers; *and if either party shall, before settlement, dispose of or appropriate the same without the consent of the other, so as to defraud him of the amount due, such party shall be deemed guilty of a misdemeanor, etc.*

"Sec. 4787. A copy of such contract, or the original, shall be filed in the recorder's office of the proper county, and such filing shall be sufficient notice of the existence of such lien, and no third party shall be prejudiced by the existence of such lien, nor in any manner liable under the provisions of this act, unless a copy of the contract is filed in the recorder's office as above provided."

As verbal contracts cannot be filed, the last section has no reference to them, or contracts for a less period than one year, as they are not required to be in writing.

It not appearing that appellee was hired to labor, except in the production of the crop of 1891, it is apparent he was not employed for a longer period than one year. The court did not so find, and we cannot presume that he was; and it was not necessary that his contract should have been in writing.

Laborer's lien prior to mortgage.

The mortgage of appellant and the contract of appellee being valid, who had the superior lien? Upon this question the statute is silent, and no decision has been rendered by this court. But the decisions of similar questions as to liens of landlords furnish us with a guide in this case. The statutes give landlords liens upon the crops of their tenants for rent, but say nothing about the superiority of such incumbrances over prior mortgages; yet this court has held that such liens take hold of the crops as soon as they come into existence, and are superior to a mortgage on the same property executed and filed for record before that time, notwithstanding the statutes make a mortgage on a crop to be planted valid. *Meyer* v. *Bloom*, 37 Ark. 43; *Buck* v. *Lee*, 36 *id*. 525; *Roth* v. *Williams*, 45 *id*. 447. No lien can attach at an earlier moment. Being the creatures of the statute, liens created by contract must yield to them in superiority. This preference is due to the fact that the crop is the fruit of the lands of the landlord.

The lien for rent is on the production of the land of the landlord, while the lien of the laborer is on the production of his labor. As the lien of the former seizes the product of the land as soon as it comes into existence, so does the latter seize the product of the laborer. As a prior mortgage of a crop must yield to the lien of the former on the same property, so a like mortgage for the same reason must yield under the same circumstances to the latter. The evidence of the intention of the statute to protect the latter against older mortgages is stronger than it is in the case of the former. It inhibits the employer from disposing of or appropriating the production of labor, before settlement, so as to defraud the laborer of the amount due him, and makes it a misdemeanor for him to do so, thereby evincing an intention that the lien of the laborer on the product of his labor shall be paramount to any created by his employer.

As the bale of cotton in controversy was the product of the labor of the appellee, and was received in payment of the amount due him for his services, he is entitled to hold it.

Judgment affirmed.