Lang v. Calloway.

68 393
f71 284

68 393
76 558
78 286
145m120

SIG J. LANG, Respondent, v. C. L. CALLOWAY, Appellant.

**Kansas City Court of Appeals, January 11, 1897.**

1. **Statutory Construction**: JURISDICTION IN REPLEVIN: CONFLICT-
ING ACTS. The act of April 1, 1891, does not repeal the fourth sub-
division of the act of March 19, 1891, and the circuit court has
concurrent jurisdiction with the justices of the peace in actions of
replevin, when the value of the property and the damage shall exceed
the sum of $50, and does not exceed the maximum jurisdiction of jus-
tices of the peace.

2. ———: RULES: CONFLICTING ACTS: SAME LEGISLATURE: REPEALS.
When inconsistent acts relating to the same subject-matter are passed
at the same session of the legislature, the last repeals the first, if the
repugnancy is clear and evident; but such inconsistent acts being *in
pari materia* must be construed together, and a repeal by implication
will not be favored.

*Appeal from the Jasper Circuit Court.*—HON. HOWARD
GRAY, Special Judge.

AFFIRMED.

*H. W. Currey* for appellant.

The cause should be reversed because the record
shows on the face thereof that the circuit court had no
original jurisdiction of the subject-matter of the action.
R. S. 1889, sec. 3318, act of the legislature approved
April 1, 1891; Session Laws 1891, p. 107; *Mason v.
Hannah*, 30 Mo. App. 190; R. S. 1889, sec. 6168, as
amended by act of the legislature approved February
25, 1891; Session Laws 1891, p. 174; *State v. Davis*, 16
Atl. Rep. 529; 70 Md. 236; *Frazer v. Alexander*, 16
Pac. Rep. 759; *People v. Dobins*, 14 Pac. Rep. 861;
*Thomas v. Collins*, 58 Mich. 64.

*McReynolds & Halliburton* for respondent.

(1)    The court had original jurisdiction.   Session Acts 1891, pp. 106, 107.    (2)    The two acts amending section 3318, Revised Statutes, 1889, in the Session Acts 1891, pages 106, 107, and 108, approved respectively March 19, 1891, and April 1, 1891, can both stand, and can be construed so as not to conflict. *Courtwright v. Crow*, 44 Mo. App. 563. (3) Where two acts are passed at the same session of the legislature, on the same subject-matter, they must be construed together.    *State ex rel. v. Clark*, 54 Mo. 216.

SMITH, P. J.—The plaintiff brought an action of replevin in the circuit court of Jasper county, and alleged in his petition the value of the property to be $250, and that the damages occasioned by its detention was $25.    The plaintiff had judgment in the circuit court, and the defendant has appealed.

The defendant assails the judgment on the distinct ground that it is apparent upon the face of the record that the circuit court did not have jurisdiction of the action.    Section 6168, Revised Statutes, provides, that in all counties having a population of fifty thousand inhabitants (to which class Jasper county belongs) justices of the peace shall have jurisdiction of actions for recovery of specific personal property, when the value of the property sought to be recovered and the damages claimed for the taking or detention, and for injuries thereto, shall not exceed in the aggregate $250; and in all counties having a less population, justices shall have such jurisdiction when the value of the property sought to be recovered, and the damages claimed for taking, or detention, and for injuries thereto, shall not exceed in the aggregate $150.    By the act of February 25, 1891 (Session Acts, 1891, p. 175, amendatory of said sec-

tion 6168), the jurisdiction was in such actions extended in the one case to where the value of the property and damages claimed did not exceed $350, and in the other to where the value of the property and damages claimed did not exceed $250.

Section 3318, Revised Statutes, which confers concurrent jurisdiction to justices of the peace in certain cases therein specified, was amended by the act of March 19, 1891 (Sess. Acts 1891, p. 106), by inserting therein a fourth subdivision, which provides that the circuit courts shall have "original, concurrent jurisdiction with justices of the peace in all civil actions and proceedings for the recovery of specific personal property, when the value of the property sought to be recovered and the damages claimed for the taking or detention and for injuries thereto shall exceed the sum of fifty dollars and does not exceed the maximum jurisdiction of justices of the peace in like cases." In other respects the amendment is a literal reenactment of said section 3318. So that it is perfectly clear from these several statutory provisions that since the plaintiff's action was for the recovery of specific personal property, where the value thereof and the damages claimed was $275, the circuit court had original concurrent jurisdiction with justices of the peace of the action.

But it is contended by the defendant that this original concurrent jurisdiction was abrogated by the amendatory act of April 1, 1891. See Acts 1891, p. 107. This last act omits from its provisions said fourth subdivision contained in the act of March 19, 1891, already referred to. It gives original concurrent jurisdiction to circuit courts and justices of the peace in all actions founded on contracts, etc., when the sum demanded exclusive of interest and cost shall exceed $50 and not exceed $300. In all other respects it is identical in language with that of March 19, 1891.

It thus appears that there was passed at the same session of the legislature two separate acts amending said section 3318 without any reference of the one to the other. The question is, what effect did the enactment of the latter have on the former?

It is a rule of construction that where two inconsistent acts, relating to the same subject-matter, are passed during the same session of the legislature, the last passed in the order of time, by necessary implication, repeals the first. *State v. Herdorn*, 74 Mo. 410.

STATUTORY construction: jurisdiction in replevin: conflicting acts.

While repugnant statutes must necessarily supplant previous ones, they must be clearly repugnant, for, unless the legislative intent is expressed in terms, it will not be assumed, if any other construction can be given to the subsequent act. *State v. Draper*, 47 Mo. 29. It is a fair presumption that if the legislature intends to repeal a statute, it will do so in express terms, or by the use of words which are equivalent to an express repeal; and the court will not, if it can be consistently avoided, adjudge that a statute is repealed by implication. *State v. County Court*, 41 Mo. 453.

But there is also another rule of pertinent application here which is, that where two acts are passed at the same session of the legislature, relating to the same subject-matter, as here, they are *in pari materia*, and to arrive at the true legislative intent, they must be construed together. *Ferry v. Ridge*, 56 Mo. App. 615; *State v. Clark*, 54 Mo. 216; *State v. Klein*, 116 Mo. 259; *St. Louis v. Howard*, 119 Mo. 41. The law does not favor repeals by implication. If by any fair interpretation all the sections of a statute can stand together, there is no repeal by implication.

The fourth subdivision of the former act is not expressly repealed by the latter act. The only effect of

—: rules: con-
flicting acts:
same legislature.
repeals.

the latter on the former was to change the original concurrent jurisdiction only in respect to actions founded on contracts, etc. In other respects, the two acts are consistent and harmonious expressions of the legislative will. It follows that we must hold that the fourth subdivision of said act of March 19, 1891, is continued and still in force and that therefore the circuit court had jurisdiction of the action. The judgment will be affirmed. All concur