JOHN J. HOLT, Respondent, v. D. A. COLYER *et al.*, Appellants.

### Kansas City Court of Appeals, May 17, 1897.

1. **Jurisdiction:** AMOUNT INVOLVED: CIRCUIT COURT. *Held*, following *Lang v. Calloway*, 68 Mo. App. 393, the circuit court had jurisdiction of this action, although the value of the property replevied did not exceed $150.

2. **Landlord and Tenant:** LIEN ON CROP: MORTGAGEE. A crop grown on demised premises during the existence of the lien for rent is not, without payment of the rent, subject to the process of the law at the suit of the tenant's creditor, especially where the landlord is in possession with the tenant's consent for the purpose of securing his rent.

3. ———: HUSBAND AND WIFE: WIFE'S ASSENT. Where the title to the demised premises is in the wife who allows the husband to manage the same without anything showing that he acted as her agent, she is presumed to concede his right to use the proceeds, and he may collect the rent from the tenants under him as if he himself owned the land.

*Appeal from the Bates Circuit Court.*—HON. J. H.
LAY, Judge.

AFFIRMED.

*Denton & Silvers* for appellants.

(1) The circuit court did not have jurisdiction of
the subject-matter of this action. Act April 1, 1891,
Sess. Acts 1891, p. 107; R. S. 1889, sec. 3318;
*Mason v. Hannah*, 30 Mo. App. 190. (2) After forfeit-
ure under conditions in chattel mortgage, the mortgagee
is the owner of the title to the property mortgaged and
entitled to possession. *Barnett v. Timberlake*, 57 Mo.
501; *White v. Quinlan*, 30 Mo. App. 54; *Turner v.
Langdon*, 85 Mo. 438. (3) The lien of a landlord upon
the crop grown by his tenant is a statutory lien, and in
its enforcement must be strictly construed. *Stone v.
Kelly & Sons*, 59 Mo. App. *loc. cit.* 218; *Garroutte v.
White*, 92 Mo. 237; *Howes v. Newcomb*, 146 Mass. 79;
*Ingalls v. Vance*, 61 Vt. 582; *Kirtley v. Morris*, 43 Mo.
App. 144. A landlord does not, by virtue of his
statutory lien, have either a right of possession or right
of property. He can not maintain replevin, trover, or
trespass. *Fink v. Pratt*, 22 N. E. Rep. (Ill.) 819;
*Finney v. Harding*, 27 N. E. Rep. (Ill.) 289; *Garroutte
v. White*, 92 Mo. 237. (4) This action must fail for
the reason that the evidence declares that the plaintiff
was but the agent for the owner of the title to the land
on which the corn in question was grown. R. S. 1889,
sec. 1990.

*Francisco Bros.* for respondent.

(1) The circuit court had jurisdiction of the sub-
ject-matter herein. It acquired such jurisdiction by an
act to amend section 3318 of chapter 46, article 31, of

the Revised Statutes of 1889, approved March 19, 1891. See Acts 1891, p. 106. That act was properly passed and in accordance with section 28, article 4, of constitution, is valid. Amendments to sections of Revised Statutes may be made by acts whose titles refer to them by number only. *State ex rel. v. County Court*, 128 Mo. 427; *St. Louis v. Liefel*, 42 Mo. 578; *State v. Mathews*, 44 Mo. 523; *State ex rel. v. Benson*, 73 Mo. 78; *State ex rel. v. Mead*, 71 Mo. 266. Statutory repeals by implication are not favored. *Monker v. Faulhaber*, 94 Mo. 430; Sutherland on Stat. Constr., secs. 148, 153; *State ex rel. v. Walbridge*, 119 Mo. 383; *State ex rel. v. Wofford*, 121 Mo. 61; *State ex rel. v. Bishop*, 41 Mo. 16. (2) The rule as stated by appellant under this point is correct as between mortgagor and mortgagee only, but can not apply to other persons. (3) Plaintiff had, at the time of bringing the suit and at the time of the execution of the chattel mortgage in evidence, a lien on the corn in question. R. S. 1889, sec. 6367. One having a lien on personal property may maintain replevin. *Harper v. Jones*, 23 Mo. App. 617; *Mansur v. Hill*, 22 Mo. App. 372. A landlord may not, by virtue of his lien, have the right of possession of the property as against the tenant, but he certainly has as against one who is trying to remove it from the premises with the view of defeating the lien. (4) There is nothing in this objectionable, and, if there ever was, the objection was not made in the proper manner, or at the proper time; and for failing to raise it by demurrer or answer, it is waived. R. S. 1889, secs. 2043, 2047; *Kellogg v. Malin*, 62 Mo. 429; *McConnell v. Brayner*, 63 Mo. 461; *Mead v. Brown*, 65 Mo. 552; *Anderson v. McPike*, 41 Mo. App. 328; *Donahue v. Bragg*, 49 Mo. App. 273; *Ryors v. Prior*, 31 Mo. App. 555. Before the trial Mrs. John J. Holt offered to come in and be made a party plaintiff.

Holt v. Colyer.

SMITH, P. J.—This is an action of replevin to recover the possession of four hundred bushels of corn.

The case briefly stated is something like this: The plaintiff rented to John Holt for the year 1894, a farm of one hundred and sixty acres for which the latter agreed to pay the former a rental of $250; STATEMENT. while the crop of corn was standing in the shock on the premises the said John Holt, the tenant, gave a chattel mortgage thereon to the Burnett Wheeler Mercantile Company to secure two promissory notes. On January 8, 1895, and after the corn so grown on the premises had been gathered and cribbed, the plaintiff by his agent Ed. Holt demanded of the tenant the rent, which the latter was unable to pay. The plaintiff by his agent, with the consent of such tenant, then took possession of said crop of corn consisting of about four hundred bushels—the corn so taken did not exceed in value the sum of $80 or $90. Afterward, while the corn was in the possession of the plaintiff's agent, Ed. Holt, the Burnett Wheeler Mercantile Company brought an action of replevin against John Holt, the tenant, to recover possession of it. The sheriff, Colyer, took possession of the corn under the writ and thereupon the plaintiff brought this action against him for its recovery. The writ was directed to the coroner who took and delivered it back to the plaintiff. The Burnett Wheeler Mercantile Company on its application was made a party defendant. There was a trial, resulting in judgment for plaintiff, and defendant appealed.

I. The defendant objects that since the value of the property sought to be recovered and the damages claimed for the taking and detention thereof and the injuries thereto did not exceed JURISDICTION: amount involved: circuit court. $150, that the circuit court was without jurisdiction of the subject-matter of the

action. This objection is sufficiently answered by what is said in *Lang v. Calloway*, 68 Mo. App. 393.

II. It is seen from the statement of the case already made that the controversy is between the Burnett–Wheeler Mercantile Company, the mortgagee of the tenant John Holt, and the plaintiff landlord. The statute gave the plaintiff a lien on the crop of corn in question for the rent that accrued for the year it was grown on the demised premises, and such lien continued for eight months after such rent became due. R. S., sec. 6376. The plaintiff then had a lien on the corn at the time the sheriff took possession of it under the writ in the action of the mortgagee against the tenant.

LANDLORD and tenant: lien on crop: mortgagee.

It has been the long settled law in this state that the crop, during the existence of the lien, is not subject to the process of the law without payment of the rent at the suit of another creditor as the lien of the landlord protects it from seizure and sale. And so it has been ruled that when the landlord had the crop in his possession with special lien thereon that it was protected from seizure and sale till the rent was paid, and that he had such right of property therein as entitled him to claim it by interpleader in an action of attachment by a creditor against the tenant. *Sanders v. Ohlhausen*, 51 Mo. 163; *Knox v. Hunt*, 18 Mo. 244. And so, too, it has been held that the statutory lien of the landlord, without other authority, does not entitle him to seize and appropriate the crop without legal process. But if he comes into possession of it without trespass and especially with the tenant's consent for the purpose of securing the rent, the rent must be fully paid or tendered before it can be retaken by the tenant or his mortgagee. Colby on Replevin, sec. 522; *Buck v. Lee*, 36 Ark. 525; *Roth v. Williams*, 45 Ark. 447. It thus is made to clearly appear that the plaintiff was

Holt v. Colyer.

entitled to the undisturbed possession of the corn until his rent was either paid or tendered in full. The payment or tender of the rent was a condition precedent to the mortgagee's right to recover the possession. The sheriff could not successfully defend the possession acquired by him under the writ, for his right thereto was not greater than that of the mortgagee, which, as we have seen, was inferior to that of the plaintiff. The effect of the judgment in this action was to restore the *status quo*, or in other words, to restore plaintiff's possession of which he had been deprived by the suit of the mortgagee.

III. It appears that the legal title to the land rented was in the plaintiff's wife and that she allowed the plaintiff to manage the same generally without anything to show that he acted as her agent.

——: husband and wife: wife's assent.

There would be an assent on her part implied from the marital relation, that she conceded the right on his part to use the proceeds and he may claim rent from the tenants under him the same as if he owned the land himself. *Buck v. Lee, supra.*

It follows that even if the objection, that the wife and not the husband was the proper party to bring the action, had been taken and preserved in the proper manner, for the reasons just stated, it would not have been tenable.

The judgment is for the right party and must be affirmed. All concur.