PARLIN ORENDORF COMPANY, Appellant, v. P. F. HORD, Respondent.

St. Louis Court of Appeals, January 24, 1899.

1. **Statutory Construction of the Act of March 19, 1891, and the Act of April 1, 1891, and their Effect on Section 3318, Revised Statutes 1889.** The circuit courts have concurrent jurisdiction with the justices of the peace in replevin suits, when the value of the property and the damages shall exceed the sum of fifty dollars and does not exceed the maximum jurisdiction of justices of the peace.

2  **Assignee:** INVALIDITY OF CONTRACTS.  The assignee can not assert
the invalidity of the contract as to the creditors of the assignor,
since he took the assigned property subject to all liens and contracts
that were valid *inter parties*.

*Appeal from the Audrain Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

REVERSED AND REMANDED.

GEO. ROBERTSON for appellant.

Under the conditions of the sale of the property made
by plaintiffs to G. L. Ferris, the title to the same remained
in plaintiff until it was paid for in cash.   Phillips v. Scholl,
21 Mo. App. 38; Tufts v. Thompson, 26 Mo. App. 564;
Defiance Machine Works v. Fisher, 21 Mo. App. 69; John-
son v. Central Bank, 116 Mo. 559; Coover v. Johnson,
86 Mo. 533; Columbus Buggy Co. v. P. F. Hord, Assignee
G. L. Ferris, 65 Mo. App. 41.   Hord, the assignee, took
Ferris' estate subject to all equities existing at date of as-
signment.   He is not a purchaser for value without notice,
in other words as to the assigned estate he stands in the
shoes of the assignor.   Riddle v. Norris, 46 Mo. App. 512;
Peet v. Spencer, 90 Mo. 384; Jacobi v. Jacobi, 111 Mo. 507;
Green v. Conrad, 114 Mo. 651; Columbus Buggy Co. v.
Hord, Assignee, *supra*.   It is claimed that the circuit court
had no jurisdiction over this action for the reason that the
fourth clause of section 3318, Laws of 1891, page 106-107,
is unconstitutional.   On this point alone this cause comes
to the supreme court instead of to the court of appeals.   As
will be seen by the record, the circuit court simply dismissed
the action for want of jurisdiction and did not pass upon the
question involved in the merits of the case.   Section 28,
article 4 of the constitution of 1875 is sufficiently complied
with in the title to this act.   The title is as follows:   "An
act to amend section 3318, of chapter 46, article 3, of the

Revised Statutes of 1889.—Section 1.—Defining jurisdiction of circuit court." State v. Chambers, 70 Mo. 625; State ex rel. v. Miller, 100 Mo. 439. So, also, section 34, same article, is sufficiently complied with. State v. Chambers, *supra;* State v. Thurston, 92 Mo. 325. While it is common for the legislature to first state that certain words of a specified section are stricken out and others inserted and then set out in full the section as amended, this is not required under section 34, article 4 of the constitution. All that this section requires is that the act, as amended, shall be fully set out. Morrison v. Railroad, 96 Mo. 602; Scott v. Railroad, 38 Mo. App. 523. * * * But regardless of the acts of 1891, the circuit court has jurisdiction of this action, as it exceeds $150 in amount. R. S. 1889, sec. 6168. That court erred in rendering a judgment for the defendant, for the return of the property. If the court had no jurisdiction it could not render a judgment for the return of the property. Cobby on Replevin, sec. 1209; Gray v. Dean, 136 Mass. 128; Jordon v. Dennis, 7 Met. 590. If the court has no jurisdiction how could it render a judgment for defendant?

F. R. Jesse, W. H. Kennan and W. W. Fry for respondent.

As the trial court held on hearing the evidence, it did not have jurisdiction, that is the only issue here. As the amount involved was less than $250 the justice court had original jurisdiction. Session Acts 1891, p. 174. The circuit court and the justice court had concurrent jurisdiction when the amount involved was over $50, to $150 "in all civil actions and proceedings for the recovery of money." As this is not an action to recover money, that action does not cover this case. R. S. 1889, sec. 3318; Mason v. Hannah, 30 Mo. App. 190. There was an effort to amend section 3316 by Acts 1891, page 106. But that act is clearly

unconstitutional as the title fails to "clearly express" the subject or the amendment. Constitution of Mo. 1875, sec. 28, art. 4. The title simply states "an act to amend section 3318, of chapter 46, article 3, of the Revised Statutes of 1889" without giving the subject of the act or in what respect it is intended to amend or what the amendment was. State v. Persinger, 76 Mo. 346; State v. Mathews, 44 Mo. 523; Witzmann v. Railway, 131 Mo. 612; State ex rel. v. Co. Ct. of Jackson Co., 102 Mo. 531; State v. Burgdoerfer, 107 Mo. 18. It was recognized as unconstitutional by our legislature as it has been amended by acts 1895, page 128. Appellant's brief, point 4, says, regardless of the act of 1891, the trial court had jurisdiction under section 6168, Revised Statutes 1889. That section was amended, increasing original jurisdiction of justice of peace to $250, and the original section was not in force when this suit was instituted. Acts 1891, p. 174. Respondent claims the property and demands a return thereof in his answer, and, plaintiff failing "to prosecute his action with effect" and having possession of the property, defendant was entitled to a verdict and judgment for the same by the very words of the statute. R. S. 1889, sec. 7489; State v. Thompson, 81 Mo. 163, 168; Ranney v. Thomas, 45 Mo. 111; Munley v. King, 40 Mo. App. 531. There was no motion in arrest and no exceptions saved, except on the overruling of motion for new trial. On the merits there were questions as to whether the goods were held on commission as plaintiff's property or the property of Ferris—whether there had been a settlement between the parties and plaintiff held Ferris for the purchase price as an indebtedness and relinquished its claim on the goods. As the case was disposed of on the question of jurisdiction the case on its merits was not submitted nor passed upon.

BLAND, P. J.—Plaintiff begun this suit in the circuit court for the recovery of the possession of five Canton Steel

Frame Drill Corn Planters, and one complete with check rower attachment, and one Canton Disk Cultivator Plow, all of the alleged and proved value of $187.50. The answer denied the right of plaintiff to the possession of the property, and pleaded specially that G. L. Ferris on the fifth day of August, 1894, was the owner of the property, and that he on that date by deed of assignment conveyed the property to defendant for the benefit of his (Ferris') creditors, and that defendant immediately qualified as such assignee and took into his possession the property, and claims right of possession as such assignee and for damages for its taking and detention by plaintiff. A reply was filed putting in issue the special defense. The cause was tried by the court, a jury being waived. The evidence for plaintiff, briefly stated, was as follows: "L. C. Grunert, on part of plaintiff testified as follows: I am the agent for the plaintiff, and on the seventeenth day of January, 1894, I made a contract with G. L. Ferris for the sale of merchandise to him. The contract is in writing and is dated January 17, 1894, and is signed by G. L. Ferris and myself, as agent for plaintiff. On this occasion I sold Ferris the property described in the petition; I was here at the time he made the assignment, and I found this property in the hands of his assignee, P. F. Hord. The value of the property is $187.50." The contract was introduced in evidence and is as follows: Page two: "All goods on hand and the proceeds of all sales of goods received under this contract, whether the proceeds are in notes, cash or book accounts, we agree to hold the same as collateral security in trust for the benefit of and subject to the order of Parlin & Orendorff Co. until we have paid in full, in cash, all our obligations due to the said Parlin & Orendorff Co. We accept the same terms on further orders that we may send you during the season.                    G. L. Ferris."

Under the head of "remarks" in the contract are the following entries in writing: "All planters unsold to be

carried;" "all disks over twenty-five to be carried by Parlin & Orendorff Co. not sold this year, amount $1,506." "In case of the death or the failure of the firm or any member of it in making this order, all accounts and notes for goods bought under this contract shall become immediately due and payable." The witness 'Grunert on further examination stated:

"I never have made a settlement with Ferris; he owes a balance of $1,396.98 on account of the goods sold him; he gave notes for the balance and before he paid them made this assignment; these goods that I replevied from Hord are the goods I sold Ferris."

On cross-examination the witness stated further:

"The notes given by Ferris were for goods bought by him on previous contract; there were no notes given for goods bought on this contract; he is entitled to a credit for some castings returned; the whole of the claim against him amounts to $2,290.17; I made a demand on Mr. Hord, the assignee, and he refused to give them up; I therefore brought this suit in replevin for them."

The plaintiff then introduced in evidence the deed of assignment from Ferris to Hord, and it was admitted that P. F. Hord is the assignee of G. L. Ferris, and at the time of the commencement of this suit was in possession of the property described in the petition, as such assignee.

The evidence for defendant is as follows:
"Parlin & Orendorff Co., St. Louis, Mo.

"Mexico, Mo., July 17, 1894.—Please execute the following order for plows and other goods to be delivered in St. Louis, Mo., and marked for G. L. Ferris, ship as soon as possible, for which ——— expressly agrees to give ——— notes, payable with exchange, etc., less discount, or at net prices as herein named. Plows and all other goods, except cultivators and repairs, payable July 1, 1894, unless otherwise specified herein. Plows and all other goods, except cultivators

and repairs subject to five per cent discount for cash April 1, 1894, or within fifteen days from date of shipment. Cultivators subject to five per cent discount for cash June 1, 1894, or within fifteen days from date of shipment. We agree not to countermand this order, except on payment of twenty per cent of the net amount of the goods hereby purchased of Parlin & Orendorff Co., as liquidated damages."

"This contract is not binding unless acceptance is indorsed herein at the St. Louis office, Parlin & Orendorff.

"G. L. Ferris.

"Accepted subject to the approval of Parlin & Orendorff Co.

"L. C. Grunert,

"Traveling Agent."

Then followed a printed list of the implements for sale by plaintiff, and the number purchased by Ferris.

Under the head of "remarks" in writing appears:

"All planters unsold to be carried.

"All disks over twenty-five to be carried by P. & O. Co. not sold this year.

"All disks F. O. B. Mexico.

"Territory Laddonia and Mexico.

"One tongue for disk gratis.

"$1,406."

G. L. Ferris testified that plaintiff's agent called on him on August 3, 1894, and they had a settlement as to how much he owed the house. He gave me credit for some castings they had shipped me and some fixtures for plows; also credits on account for freight I had paid for them to the amount of about $50. On that settlement it showed a balance I owed the house of $1,396.38, after they gave me credit for the goods returned and the freight."

No instructions were asked or given. At the close of the evidence the court held that the circuit court had no

jurisdiction because the value of the property involved was below the original jurisdiction conferred on the circuit court, and rendered judgment for the defendant, whereupon an appeal was taken to the supreme court on the alleged ground that the session acts of 1891 (page 106), amending section 3318, Revised Statutes 1889, is unconstitutional. This constitutional question is raised and discussed in the briefs, but it nowhere appears in the record, for which reason the supreme court held that no constitutional question is involved, and transferred the case to this court for decision. The act of March 19, 1891, (Sess. Acts, p. 106), and the act of April 1, 1891, (Sess Acts 1891, page 107), and their effect on section 3318, *supra,* and the one upon the other, were fully discussed by the Kansas City Court of Appeals in Lang v. Calloway, 68 Mo. App. 393. The conclusion therein reached was that the circuit courts have concurrent jurisdiction with the justices of the peace in replevin suits, when the value of the property and the damages shall exceed the sum of $50, and does not exceed the maximum jurisdiction of justices of the peace. The construction given the two apparently inconsistent acts of 1891 by the Kansas City Court of Appeals is in our judgment sound and well supported by the authorities cited by Judge Smith who wrote the opinion. We therefore hold that the circuit court did have jurisdiction of the cause of action. The sale of the goods by plaintiff to Ferris under the terms of the contract was conditional, the title remaining in plaintiff until the goods were paid or settled for; this contract was in writing, but was neither acknowledged nor recorded, as required by section 5180, Revised Statutes 1889, and hence was not good as against prior or subsequent creditors with or without notice. Collins v. Wilhoit, 108 Mo. 451; Knapp v. Distilling Company, 102 Mo. 157. But the assignee can not assert the invalidity of the contract as to the creditors of the assignor, since he took the assigned property subject to all liens and contracts that were valid *inter parties,* it having

been made prior to the acts of 1897 (Session Acts of 1897, p. 38). Jacobi v. Jacobi, 101 Mo. 507; Riddle v. Norris, 46 Mo. App. 512; Hughes v. Menefee, 29 Mo. App. 192. It follows that plaintiff should recover, unless the property replevied had been paid or settled for by Ferris. Of this there is no substantial evidence in the record, and we reverse the judgment and remand the cause for retrial. All concur.