FRIEDENWALD COMPANY *vs.* PETER R. WARREN.

Suffolk.    March 7, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Practice*, *Civil*, Amendment, Abatement.   *Pleading*, *Civil*, Declaration, Answer. *Corporation*, Foreign.

In an action wherein a foreign corporation is plaintiff and the answer is merely a general denial of the allegations of the writ and declaration, it is within the discretion of the presiding judge to refuse at the trial to allow a motion to amend the answer by adding an allegation that the plaintiff, at the time of the commencement of the action and at the time of trial, was not acting in compliance with St. 1903, c. 437, §§ 58, 60, 66.

An answer of general denial puts in issue only those facts which the plaintiff must aver and prove to establish a *prima facie* case.

Where a foreign corporation brings an action at law while failing to comply with St. 1903, c. 437, §§ 58, 60, 66, which require that such corporation, when having a usual place of business in this Commonwealth, in writing shall appoint the commissioner of corporations its attorney upon whom processes may be served, and shall file with him certain documents and annual returns, and which further provide that no action shall be maintained or recovery had in any of the courts of this Commonwealth by any such corporation not complying with such requirements, such non-compliance cannot be put in evidence at the trial to defeat the action, if the answer is a general denial merely.

Whether, in an action brought by a foreign corporation having a usual place of business in this Commonwealth, where non-compliance by the plaintiff at the time of the bringing of the action with St. 1903, c. 437, §§ 58, 60, 66, properly is set up in abatement or in defence, the action would be defeated, or the plaintiff merely would be prevented from taking judgment until it should have complied with the terms of the statute, *quaere.*

CONTRACT.   Writ in the Superior Court for the county of Suffolk dated October 6, 1905.

The plaintiff alleged in its writ that it was a corporation duly organized under the laws of the State of Maryland and having a usual place of business in Baltimore in that State.

The declaration merely stated in two counts that the defendant owed the plaintiff certain sums according to an account annexed which is not material. The answer was as follows:

" Now comes the defendant in the above entitled cause and for answer denies each and every allegation in the plaintiff's writ and declaration therein contained."

There was a trial before *Hardy*, J., November 20, 1906, at which, before any evidence was offered by either party, the defendant moved to amend his answer by adding thereto the following:

" And further answering the defendant says that the plaintiff, on the day of the commencement of this action, prior thereto and to the present time, had and has had a usual place of business in this Commonwealth, and was and is transacting business in this Commonwealth within the meaning of Sections 58, 60 and 66 of Chapter 437 of the Acts of 1903 and failed and has failed to comply with the requirements of said sections of said chapter."

The motion was denied and the defendant excepted.

Other facts are stated in the opinion.

*G. S. MacFarland*, for the defendant.

*G. R. Nutter*, for the plaintiff.

SHELDON, J. 1. The court had a right in the exercise of its discretion to refuse to allow the defendant to file his proposed amendment, and no exception lies to the exercise of that discretion. *Hurley* v. *Donovan*, 182 Mass. 64, 71. *Graef* v. *Bernard*, 162 Mass. 300. *Smith* v. *Whiting*, 100 Mass. 122.

2. The plaintiff is a foreign corporation. It is provided in substance by our statutes that foreign corporations before doing business in this Commonwealth shall appoint the commissioner of corporations to be their attorney for the service of process, shall file with him copies of their charters and by-laws and certain certificates, and shall annually, within a certain fixed period, file with the secretary of the Commonwealth a certificate as to their financial condition ; and that a failure to comply with these requirements " shall not affect the validity of any contract with such corporation ; but no action shall be maintained or recovery

had in any of the courts of this Commonwealth by any such foreign corporation so long as it fails to comply with " these requirements. St. 1903, c. 437, §§ 58, 60, 66. The defendant offered to show that this corporation had a usual place of business and was doing business in this Commonwealth, but had not complied with these requirements; and asked the court to rule that in that event the plaintiff could not recover, and that the burden was on the plaintiff to prove either that at the commencement of the action it was not transacting business in this Commonwealth, or that it had complied with the requirements of the statute. The court excluded the evidence as incompetent under the pleadings, refused to make the rulings requested, and, the other facts not being in dispute, ordered a verdict for the plaintiff.

The defendant contends that the burden was upon the plaintiff to show its right to maintain the action, and that all the facts necessary to be proved for this purpose were put in issue by his general denial; and that may be granted. *Hill* v. *Crompton*, 119 Mass. 376. *Cape Ann National Bank* v. *Burns*, 129 Mass. 596. But this means only that a general denial puts in issue those facts which the plaintiff must aver and prove to establish a *prima facie* case. *Amsinck* v. *American Ins. Co.* 129 Mass. 185, 188, and cases cited. It never has been held that a plaintiff must deny or disprove matter merely in abatement, not going to the jurisdiction of the court, whether this would call for a positive or a negative averment. See *Lincoln* v. *Taunton Copper Co.* 11 Cush. 440, 441; *Sewall* v. *Lee*, 9 Mass. 363; *Ainslie* v. *Martin*, 9 Mass. 454.

The statute does not forbid foreign corporations which have not complied with its requirements from making contracts in this State, or declare such contracts invalid; on the contrary it expressly recognizes their validity, but provides that "no action shall be maintained or recovery had in any of the courts of the Commonwealth by any such foreign corporation," so long as it fails of such compliance. St. 1903, c. 437, § 58. This implies a temporary disability merely, like that of alien enemy at common law or any other personal disability. *Hutchinson* v. *Brock*, 11 Mass. 118. *Jaha* v. *Belleg*, 105 Mass. 208. This is different from the statutes which were considered in *Jones* v.

*Smith*, 3 Gray, 500, *Washington County Ins. Co.* v. *Dawes*, 6 Gray, 376, 379, and *Reliance Ins. Co.* v. *Sawyer*, 160 Mass. 413; and the decisions in those cases have no bearing here. Accordingly it has been held in Indiana and West Virginia that somewhat similar statutory provisions can be taken advantage of only by answer in abatement as distinguished from an answer in bar. *Singer Manuf. Co.* v. *Effinger*, 79 Ind. 264. *Daly* v. *National Ins. Co.* 64 Ind. 1. *Singer Manuf. Co.* v. *Brown*, 64 Ind. 548. *Walter A. Wood Co.* v. *Caldwell*, 54 Ind. 270. *Tennis Brothers Co.* v. *Wetzel & Tyler Railway*, 140 Fed. Rep. 193; *S. C.* (on appeal) 145 Fed. Rep. 458. It was of course too late in this case to file an answer or to set up matter in abatement after issue had been joined and a trial begun on the merits. *Craig Silver Co.* v. *Smith*, 163 Mass. 262, 268.

Apart however from any question of pleading, all the decisions in other States, so far as they have been brought to our attention, agree that compliance with the terms of such statutes as are here in question need neither be averred nor in the first instance proved by a foreign corporation. *Nickels* v. *People's Building Association*, 93 Va. 380. *Sprague* v. *Cutter & Savidge Lumber Co.* 106 Ind. 242. *Langworthy* v. *Garding*, 74 Minn. 325. *Hanson* v. *Lindstrom*, 15 N. D. 584. *Parlin Orendorf Co.* v. *Hord*, 78 Mo. App. 279. But if this be so it necessarily follows that under our practice act a defendant who wishes to reply upon the fact that a foreign corporation which has sued him has not complied with the provisions of our statute must set up that fact in his answer. " Whenever a defendant intends to rest his defence upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out in clear and precise terms in his answer; and as the plaintiff is not bound to aver anything which tends to defeat his action, or which shows that his claim is illegal or void in its inception or otherwise, all such matters must be set out and averred in the answer." *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541, 543. There is no occasion to refer to the many subsequent decisions which have maintained this doctrine.

It follows that the rulings at the trial were correct; and we need not consider the sufficiency of the offer of proof. Nor

need we consider whether if the facts claimed by the defendant were proved they could have any further effect than to prevent the plaintiff from taking judgment until it should have complied with the terms of the statute. See *Carson-Rand Co.* v. *Stern,* 129 Mo. 381; *Creelman Lumber Co.* v. *De Lisle,* 107 Mo. App. 615; *Buffalo Zinc & Copper Co.* v. *Crump,* 70 Ark. 525; *Hamilton* v. *Reeves Co.* 69 Kans. 844; *Ward Land Co.* v. *Mapes,* 147 Cal. 747.

It has not been argued that the decision of this case could be affected by the provisions of St. 1906, c. 372, passed since the action was brought.

*Exceptions overruled.*