CARRAWAY *v.* PHIPPS.

4-3949

Opinion delivered September 30, 1935.

*W. A. Jackson,* for appellant.

*O. C. Blackford,* for appellee.

JOHNSON, C. J.   This action was instituted by appellee, Phipps, against appellants, Carraway and Harrell, in a justice of the peace court in Lawrence County, where the trial resulted in a judgment in favor of appellee. Appellants prosecuted an appeal to the circuit court of said county, where the trial resulted in another judgment adverse to appellants, and this appeal is prosecuted for relief therefrom, which must be denied.   The suit is predicated upon a laborer's contract of hire entered into by appellee with appellant, Carraway, on April 21, 1934. This contract in effect was that appellee would assist Carraway in making his crop in 1934, for which services Carraway agreed to give appellee one 500-pound bale of lint cotton. Appellee performed his contract of hire with Carraway, but Carraway was unable to deliver the bale of cotton as agreed because on February 19, 1934, Carraway executed and delivered to appellant, Harrell, a mortgage upon the entire crop to be produced in the year 1934, which was immediately filed of record, and when the crop was gathered the mortgagee took possession of the entire crop, including the bale of cotton claimed by appellee which was sold and the proceeds converted. The testimony is not in material conflict, and presents only the question of law, is a crop mortgage which is prior in point of time superior to a laborer's lien as created by the statutes of this State?

In *Watson* v. *May,* 62 Ark. 435, 35 S. W. 1108, we expressly held that, under what is now § 6848 of Crawford & Moses' Digest, a laborer's lien created thereby was superior and paramount to a mortgage filed prior in point of time.   This opinion was written in application to facts which accrued prior to act March 11, 1895, p. 39, therefore this latter act was not construed or discussed in the opinion.   Appellant's contention on this appeal is that what is now § 6848 of Crawford & Moses' Digest and which is a part of the act of 1868 was im-

pliedly repealed by what is now § 6864 or a section of act March 11, 1895, and for this reason *Watson* v. *May, supra,* has no controlling effect upon the facts presented in this record. Was § 6848 repealed by § 6864?

Repeals by implication are not favored, and exist only where there is an invincible repugnancy. *Baker* v. *Hill,* 180 Ark. 387, 21 S. W. (2d) 867; *Massey* v. *State,* 168 Ark. 174, 269 S. W. 567; *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649; *State* v. *White,* 170 Ark. 880, 281 S. W. 678.

From a careful comparison of the language of the two sections, it is apparent there is no invincible repugnancy or conflict between them.

Section 6848 gives an absolute lien to laborers under contract upon the product of their labor, whereas § 6864 gives a lien to laborers upon ''any object, thing, material or property, etc.'' In other words, § 6848 gives an absolute lien upon the product of labor and § 6864 extends such lien so as to give a lien upon all objects, property and other things already in existence but which are worked upon or improved by such labor. This court many years ago announced the rule that statutory liens, which came into existence coeval with inception of production are superior and paramount to contractual liens, although such contractual liens were created prior in point of time. See *Myer* v. *Bloom,* 37 Ark. 43; *Roth* v. *Williams,* 45 Ark. 447; *Buck* v. *Lee,* 36 Ark. 525. Although the cases last cited and referred to apply only to statutory liens of landlords, they state sound principles of law, and we know of no good reason to deny their application to the facts of this record. The circuit court's views, conforming to these here expressed, should be approved, and the judgment is therefore affirmed.