ROTH & CO. v. WILLIAMS.

1. LANDLORD'S LIEN: *Contract for rent, including other indebtedness.*
   A rent contract which includes other indebtedness in the amount expressed as rent, is a lien on the tenant's crop for only the amount of the rent; and in a contest between the landlord and another incumbrancer on the crop, the latter may show the true amount due the landlord for rent.

2. SAME: *Replevin by mortgagee of crop.*
   A mortgagee of a tenant's crop cannot replevy it from the landlord without first paying to him the amount due him for rent.

APPEAL from *Jefferson* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

On the 7th of February, 1882, Francis Aiken and Narcissus Rubens, tenants on the land of Roth & Co., executed to Williams separate mortgages on their crops to be produced on the lands that year, to secure their indebtedness to him and for supplies to be furnished them during the year. The mortgages were filed for record March 17, 1882. On the 30th of March, 1882, the same parties executed to Roth & Co. contracts for the rent, Aiken's contract agreeing to pay $204.35 rent for about twenty-five acres, and Reubens' agreeing to pay $193.19 for twenty acres. After the cotton had been gathered and ginned, and while it was in possession of Roth & Co., Williams, claiming that the rent contracts included other indebtedness to them besides rents, tendered to them the amounts he believed to be due for rent, and demanded the cotton under his mortgages; but they refused to deliver it to him, unless he would pay the whole amount stipulated in the contracts. He thereupon brought replevin, and on the trial was permitted to prove, against the objections of the appellants, the true amount of the rents, and that the amounts expressed in the contracts included

other indebtedness; and, pending the trial, he paid to appellants, in the presence of the jury, the true amount due for the rents. The verdict and judgment were for Williams, and Roth & Co. appealed.

*N. T. White* for Appellants.

The court erred in permitting testimony to go to the jury to contradict and explain the terms of the written contracts between appellants and his tenants. Appellee derived his title to the cotton through the tenants, and he stands in *the same relation* as the mortgagors. They were estopped to deny the terms of the lease, and he, being a *privy in estate* to them, is also estopped. *31 Ark., 420; 1 Gr. Ev., Sec. 279; Ib., Sec. 23 and notes 1 and 2; Bouv. L. Dic., "Privies" & "Privity;" Ib., Sec. 189; Taylor Land. & T., Sec. 91; 7 Conn., 214; 4 Pet., 83; 9 Wend., 209; 13 Ark., 593; 15 Id., 543; 16 Id., 519; 20 Id., 293; 21 Id., 69.*

Appellants were in possession of the cotton with the consent of the tenants, and, therefore in legal possession, *having a lien* for rent, and that lien was superior to appellee's under his mortgages; *25 Ark., 609; 31 Id., 557; 33 Id., 707; Ib., 737;* and no suit could be brought until such rent was paid. *36 Ark., 525.*

*Martin & Taylor* for Appellee.

Appellee's title to the cotton was anterior to that of appellants, and he was in no way bound by the recitals in the leases. He had a right to show that other amounts, besides rent, were included in them. He claimed adversely to appellants, and was a third party, in no way bound by the recitals, not being privy in any way. *2 Starkie Ev., Sec. 555; 1 Gr. Ev., Sec. 279; 2 Starkie Ev., Sec. 576; 31 Ark., 420; Bigelow on Estoppel, p. 284.*

Roth & Co. v. Williams.

A landlord and tenant cannot bind a prior mortgagee, by including other accounts and calling the whole *rent*, and the mortgagee has the right to show what the true amount of rent was. *39 Ark., 344.*

Appellee paid all that was due for rent, ginning, hauling, etc., all lawful charges, and was then entitled to the cotton.

COCKRILL, C. J. On the trial the appellee was allowed to introduce testimony tending to prove that the rent reserved for the land was much less than the amount recited in the contracts of lease between the appellants and their tenants. The contention was that the appellants had added store accounts, due them for a previous year by their tenants, to the amount actually reserved as rents, and called the whole amount rent. The appellee claimed under a mortgage, executed before the written contracts of lease, and as his title was thus anterior to the date of the reciting deeds, he was not bound by their terms. For this reason, if no other, the court was right in permitting him to show the true consideration of the leases. *Talbot v. Wilkins, 31 Ark., 411; Carver v. Jackson, 4 Pet., U. S., 4, 82; 1 Greenl. Ev., Sec. 21, n. 1.*

<span style="float:right">1. LANDLORD'S LIEN: When contract embraces other debts.</span>

It was not competent for the landlord and tenant to bind a prior mortgagee of the crop, by an agreement between themselves to include in their rent contracts an amount due the landlord on another and different account, merely by designating the whole amount "rent." *Varner v. Rice, 39 Ark., 344.* What was actually due as rent took precedence over the mortgage by virtue of the statutory lien, and the mortgagee could not recover possession of the crop from the landlord without paying him what was due him on this account. *Buck v. Lee, 36 Ark., 525.*

<span style="float:right">2. Replevin by mortgagee.</span>

Before suit the appellee tendered the amount he believed to be due on account of the lien, but the appellants declined it,

28——45

saying they would accept nothing less than the amounts recited in their leases. Pending the trial the appellee paid the appellants, in the presence of the jury, a sum which they by their verdict have found to be all that was due for rent and gin charges. The appellants cannot claim precedence over the mortgage for more, and the judgment must be affirmed.