MARY C. AMES *vs.* THOMAS C. STEVENS.

Suffolk.    April 3. — 5, 1876.    COLT & LORD, JJ., absent.

A count for money had and received, with a specification that under it the plaintiff would claim money sent by him through the defendant to be tendered or paid to an insurance company and afterwards received back by the defendant, and alleging a demand upon the defendant and a refusal to pay, is a count in contract and not in tort.

The words "with count in tort" in a writ, no such count having been filed, are mere surplusage.

A submission to arbitration by rule of court is a waiver of all defects in the pleadings.

Double costs are not allowable under the Gen. Sts. c. 112, § 13, in cases coming up by appeal.

CONTRACT.    The writ described the action as one of contract with a count in tort, and did not allege that they were for the same cause of action.    The declaration contained two counts.

The first count was as follows : " And the plaintiff says the defendant owes her $45 according to the account annexed." The account annexed was for rent of a room and board.

The second count was as follows : " And the plaintiff further says that the defendant owes her $251, for money had and received by defendant to plaintiff's use, and $20 for interest on same."    Annexed to this count was the following specification : "Under this count the plaintiff will claim two hundred and fifty-one dollars, money sent by her through the agency of the defendant, in sums of fifty dollars and twenty cents each, to New York, for the purpose of being tendered or paid to the Guardian and Orphan Life Insurance Company of New York, in the months of May, August and November, 1873, and February and May, 1874, and afterwards received back by defendant, and which defendant, though often requested, has refused to pay plaintiff."

The case was referred by rule of court, and the referee returned his award in favor of the plaintiff with interest and costs. In the Superior Court the award was accepted and judgment ordered upon it for the plaintiff; and the defendant appealed.

*J. Willard,* for the defendant, contended that the second count was in tort, and that the award was therefore void.

*J. S. Abbott,* for the plaintiff, moved for double costs.

BY THE COURT. Both counts are common counts in contract, the one upon an account annexed, and the other for money had and received. The words in the writ, "with count in tort," no such count having been filed, are mere surplusage. The submission to arbitration by rule of court was a waiver of all defects in the pleadings. The appeal is frivolous. But the plaintiff's motion for double costs cannot be granted, because the statute upon that subject is limited to exceptions, and does not extend to appeals. Gen. Sts. *c.* 112, § 13. *Delaney* v. *Towns,* 1 Allen, 407. *Judgment affirmed.*