## WILLIAM H. GUILD *vs.* ALFORD BUTLER.

Suffolk.    March 29, 1878. — Sept. 5, 1879.    AMES & MORTON, JJ., absent.

A surety is entitled, in equity, to the benefit of any collateral security received by the creditor from the principal debtor; and if the creditor, knowing the relation between the debtors, surrenders part of such security, without the consent of the surety, the surety is exonerated to the amount so surrendered, although the relation of the debtors does not appear on the face of the debt, and first became known to the creditor after the debt was contracted. One who makes a promissory note for the accommodation of another is a surety, within this rule; and, in this Commonwealth, may avail himself of this equity in defence of an action at law against him.

Evidence of a discharge of a debt, without a release under seal, in consideration of payment of part of the amount thereof by the check of a third person, is competent proof of an accord and satisfaction.

In an action upon a promissory note, against B., the maker thereof, it appeared that A. borrowed a sum of money of the plaintiff, and gave his own promissory note therefor, and at the same time delivered to him as collateral security this note of B. and a note of C.; and there was evidence tending to show that the plaintiff, after the maturity of B.'s note, and with knowledge acquired since it was made that it was an accommodation note, discharged C. from his note, upon payment of half the amount thereof by the check of another person. *Held,* that the plaintiff had no ground of exception to a ruling that, if he knew when he released C. that the note in suit was an accommodation note, he must account for the full value of C.'s note, unless he satisfied the jury that it was not worth its face; and that it was not sufficient for him to prove that he acted in good faith, but he was bound to prove all the facts and circumstances in reference to which the compromise was made, and that the compromise had not been prejudicial to the defendant.

CONTRACT on a promissory note for $975.24, dated August 10, 1875, signed by the defendant, payable to the order of Robert W. Dresser & Co., and by them indorsed.

At the trial in the Superior Court, before *Bacon*, J., it appeared that, on September 18, 1875, Robert W. Dresser & Co. borrowed of the plaintiff the sum of $3000 and gave him their promissory note therefor; that, at the same time, they delivered to him, as collateral security for the loan, three other promissory notes, one of which was the note of Hamlin & Co. for $1826.17, and the other two the notes of the defendant, one of which is the note in suit; that the last two notes were accommodation notes, but the plaintiff did not know this when he took them, and only became aware of it after the first one, not the one in suit, matured; that, on November 29, 1875, the plaintiff received from Dresser & Co. the sum of $500, for which he gave a receipt, promising therein to pay the sum received on demand; and that Dresser died on December 1, 1875.

The plaintiff, being called by the defendant, testified that, on February 2, 1876, he received from George P. Baldwin a check for $913, which was subsequently paid, and in consideration thereof made and delivered to Baldwin the following instrument: "Boston, Feb. 2, 1876. For one dollar and other valuable consideration, I hereby release Hamlin & Co. of Norwich, Conn., of all demands on account of a note signed by Hamlin & Co. dated Norwich, Conn., Aug. 21st, 1875, four months after date, to order of Robt. W. Dresser & Co., for eighteen hundred twenty-six and seventeen one-hundredths dollars. Wm. H. Guild." The plaintiff objected to the admission of this paper as a release, on the ground that it was not under seal, and that it was immaterial for any other purpose. But the judge admitted it. The plaintiff testified, on cross-examination, that he placed the note of Hamlin & Co. in the hands of his attorney, for collection; and that he received nothing upon said note beyond the above $913.

The plaintiff further testified that, a short time before the defendant's notes matured, he put them in a bank, for collection; and, upon notice from the defendant, he produced the following letter to the president of that bank: "Boston, Dec. 8, 1875. Sir: I have a notice of a note due at your bank to-day also one

of 13th inst. Both of them I must decline to pay at maturity. I have no doubt they are left with you for collection; the owner of them is unknown to me, but said notes were borrowed by my friend Robert W. Dresser, Esq., whose lips are now sealed, but borrowed to be used as a margin in connection with a loan where there were other securities; and I propose not to pay said notes until I know more about them. Yours very truly, Alford Butler."

There was evidence tending to show that the plaintiff received this letter before February 2, 1876, the date of his transactions with Baldwin in regard to the note of Hamlin & Co. The plaintiff objected to the admission of this letter. The judge admitted it in evidence for the purpose of showing the plaintiff's knowledge that the above notes were accommodation notes.

The plaintiff asked the judge to instruct the jury as follows: "1. If the jury find that the plaintiff took the two notes, signed by the defendant, as collateral security, together with the note of Hamlin & Co. for his loan of $3000, without knowledge, at the time, that they were accommodation notes, and supposing them to be business notes, they would be business notes in his hands to all intents and purposes; and no notice to the plaintiff afterwards that they were accommodation notes would change their legal character. 2. If the plaintiff did not know, at the time he took the notes in suit, that they were accommodation notes, the defendant does not stand in the situation of surety by virtue of the actual accommodation character of said notes. 3. The burden of proof is upon the defendant to show that, if the note of Hamlin & Co. was released as to the makers for any less than its face, the plaintiff obtained less than he might have done, and that the defendant was damaged thereby; that the presumption of fact would be, in the absence of all testimony on the topic, that the plaintiff obtained all he could therefrom."

The judge declined so to rule; and, with other instructions not objected to, instructed the jury as follows: "The plaintiff is entitled to a verdict for only so much of the notes in suit as is necessary to satisfy the balance of the debt for the security of which he received them, after deducting the amounts, if any, which he has received thereon. If the plaintiff knew, when he released Hamlin & Co. from their note, if he did release them, that the defendant made the note in suit for the

accommodation of Dresser & Co., then he must account for the full amount of the Hamlin note, unless he satisfied the jury that it was not worth its face. It is not sufficient for him to prove that he acted in good faith, but he is bound to prove all the facts and circumstances in reference to which the compromise was made, and that the compromise has not been prejudicial to the defendant. If the jury find that the plaintiff knew, when he released Hamlin & Co. from their note, that the defendant made the notes in suit for the accommodation of Dresser & Co., then their verdict must be for the balance of the debt of Dresser & Co. to him, after deducting the payment of $500, if it was a payment on the $3000 note, and the full amount of the Hamlin note, unless the plaintiff has proved that the Hamlin note was not worth its face."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*P. H. Hutchinson,* for the plaintiff.

*R. Stone, Jr.,* for the defendant.

GRAY, C. J. It is well settled that in equity a surety is entitled to the benefit of any property or collateral securities received by the creditor from the principal debtor, and that if the creditor, knowing the relation between the debtors, surrenders such property or securities, in whole or in part, without the consent of the surety, he exonerates the surety to the amount so surrendered. *Baker* v. *Briggs,* 8 Pick. 122. *American Bank* v. *Baker,* 4 Met. 164. The fact that one debtor is a surety for the other is no part of the contract with the creditor, but is a collateral fact showing the relation between the debtors, and, if it does not appear on the face of the instrument, this fact and notice of it to the creditor may be proved by extrinsic evidence. *Harris* v. *Brooks,* 21 Pick. 195. *Carpenter* v. *King,* 9 Met. 511. *Wilson* v. *Foot,* 11 Met. 285. *Horne* v. *Bodwell,* 5 Gray, 457. As the right of the surety does not depend upon the contract, but upon the equities arising out of the circumstances of the case, the creditor is affected by knowledge of the true relation of the debtors, acquired at any time before he does the act which alters the position of the surety; and one who makes a promissory note for the accommodation of another is a surety, within the rule. *Bradford* v. *Hubbard,* 8 Pick. 155. *Harris* v. *Brooks,*

above cited. *Pooley* v. *Harradine*, 7 E. & B. 431. *Greenough* v. *McClelland*, 2 El. & El. 424. *Bailey* v. *Edwards*, 4 B. & S. 761. *Ewin* v. *Lancaster*, 6 B. & S. 571. *Oriental Financial Corporation* v. *Overend*, L. R. 7 Ch. 142, and L. R. 7 H. L. 348. *Swire* v. *Redman*, 1 Q. B. D. 536, 542. In this Commonwealth, the surety may avail himself of this equity in defence of an action at law against him. *Baker* v. *Briggs*, *Harris* v. *Brooks*, *Carpenter* v. *King*, and *Horne* v. *Bodwell*, above cited.

At the trial of the present case, it appeared that Robert W. Dresser & Co. borrowed of the plaintiff the sum of $3000, and gave him their promissory note therefor, and at the same time delivered to him as collateral security a promissory note of Hamlin & Co. for $1826, as well as two promissory notes of the defendant for $975 each, one of which is the note in suit, and both of which were really accommodation notes; but the plaintiff did not know this when he took them, and only became aware of it after the first of them matured.

The bill of exceptions does not show that the plaintiff objected to the admission of the evidence offered to prove, or denied the fact, that he had received from Dresser & Co. $500 in part payment of their debt.

The evidence of the discharge in writing, though not under seal, of Hamlin & Co., from their note, upon the payment of half the amount thereof by the check of a third person, was competent to show an accord and satisfaction of their liability. *Brooks* v. *White*, 2 Met. 283.

The letter from the defendant to the president of the bank, with evidence that the plaintiff received it, was rightly admitted for the purpose of showing his knowledge, before his discharge of Hamlin & Co., that the defendant's notes were accommodation notes.

The jury could not properly have been instructed, as to burden of proof and presumption of fact, in the terms requested by the plaintiff. The technical burden of proof, resting on the defendant, would be *prima facie* supported by evidence of the discharge of the note of Hamlin & Co. for half its amount. And the instructions given to the jury as to the evidence required of the plaintiff to control this were in exact accordance with the judgment of this court in the analogous case of *American Bank* v. *Baker*, above cited.          *Exceptions overruled.*