JAMES GRIFFIN *vs.* WILLIAM KELLEHER, executor.

Essex.   Nov. 2, 1881. — Jan. 2, 1882.   MORTON & ALLEN, JJ., absent.

A. induced B. to become a co-surety with him and another on the bond of a third
person, by depositing with B. a certain sum of money " with the agreement that
B. should hold the same as collateral securety for his ultimate liability as a
surety on said bond, and to indemnify him from any loss or cost arising out of
such liability." There was a breach of the bond, and the obligee brought an
action against the principal and sureties, and obtained judgment against all the
defendants. Execution issued on the judgment, which was partially satisfied
from the proceeds of a sale of A.'s real estate, which had been attached in the
action; and the balance due upon the execution, which was more than the sum
deposited by A. with B., and amounted to more than one third of the judgment,
was afterwards paid by B.  A. then brought an action against B., the declara-
tion in which contained two counts, one for the sum deposited with B. as money
lent, and the other for one third of the amount for which A.'s real estate was
sold. There was no evidence that the third surety was insolvent. *Held,* that
the action could not be maintained.

ENDICOTT, J.   This is an action by one surety on a bond
against the executor of a co-surety for contribution.  It appears
from the facts found by the presiding judge, and stated in the
bill of exceptions, that the plaintiff, Cornelius Kelleher the de-
fendant's testator, and Charles A. List, were sureties on a bond,
in which Patrick C. Ahearn was principal.   There was a breach
of the bond, and the obligee brought an action against the prin-
cipal and sureties, upon which judgment was obtained against all
the defendants.   Execution issued upon the judgment, which
was satisfied to the extent of $542 from the proceeds of a sale of
the real estate of the plaintiff Griffin, which had been duly at-
tached in the suit, and afterwards the balance due upon the ex-
ecution, amounting to $432, was paid by the defendant's testator.
It also appears that the plaintiff, who was a brother-in-law of
Patrick C. Ahearn, the principal on the bond, solicited and in-
duced the defendant's testator to become a surety on the bond,
" by depositing with him the sum of $300, with the agreement
that said Cornelius Kelleher should hold the same as collateral
security for his, said Kelleher's, ultimate liability as a surety on
said bond, and to indemnify him from any loss or cost arising
out of such liability."

In the first count of the plaintiff's declaration, he seeks to
recover back the $300 thus deposited with Kelleher, as money

lent, and in the second count he seeks to recover one third of the $542 for which his real estate was sold.

The presiding judge properly ordered judgment for the defendant. The plaintiff cannot recover on his first count, because, under the finding of the court, the $300 was not lent, but was given to the defendant's testator to indemnify him for any loss arising out of his liability as surety. The loss occurred, and he was obliged to pay on the execution a sum much larger than $300. Nor is the plaintiff entitled to recover on the second count. The general rule of law is, that, where one surety has paid the whole debt, he can recover from a co-surety in an action at law for contribution no more than an aliquot part of the whole debt, regard being had to the number of sureties, without regard to the solvency of the other sureties. If any of the co-sureties are insolvent, a larger proportion may be recovered in equity. As there were three sureties, the defendant's testator would be liable at law to a co-surety only for one third of the sum recovered on the judgment. *Brigden* v. *Cheever*, 10 Mass. 450, 454. *Chaffee* v. *Jones*, 19 Pick. 260, 265. *Wood* v. *Leland*, 22 Pick. 503, 506. *Cary* v. *Holmes*, 16 Gray, 127. *Cowell* v. *Edwards*, 2 B. & P. 268. *Browne* v. *Lee*, 6 B. & C. 689. *Batard* v. *Hawes*, 2 El. & Bl. 287. *Wright* v. *Hunter*, 5 Ves. 792. *Craythorne* v. *Swinburne*, 14 Ves. 160. 1 Story Eq. Jur. § 496.

As Cornelius Kelleher had already paid, when this action was brought, more than one third of the whole debt, the plaintiff cannot maintain against his estate an action to recover one half of the sum paid by him in excess of one third of the whole debt. The plaintiff fails to show that the defendant is liable to him at law.

The fact that Kelleher received from the plaintiff indemnity, under the circumstances recited, for any loss which might arise on the bond, does not affect his liability to the plaintiff in this action. And in the view we take of the case, the evidence that the plaintiff had brought an action against List becomes immaterial. The case finds there was no evidence of the insolvency of List. *Exceptions overruled.*

*J. C. Sanborn*, for the plaintiff.

*E. T. Burley*, for the defendant.