L. C. SEAVEY & another *vs.* DANIEL W. BECKLER.

Suffolk. January 12. — 27, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

The reference of a case, after its entry in court, by agreement of parties and by a rule of court in common form, to an arbitrator, is not a discharge of the sureties on a bond given to dissolve the attachment in the action, nor a waiver of the plaintiff's right to the special judgment provided by the St. of 1875, c. 68, § 1.

CONTRACT for work done and materials furnished. In the Superior Court, the case was referred, by consent of parties, to a referee, whose decision and award were to be "final and conclusive." A rule of court was accordingly issued to the referee in common form.

The referee returned his award in favor of the plaintiffs, subject to the opinion of the court upon this question of law: At the hearing before the referee it appeared that the plaintiffs, on June 7, 1877, made an attachment of the defendant's property more than four months prior to the filing by the defendant of a petition in bankruptcy; and that the attachment was dissolved by the defendant giving a bond, with sureties. The defendant objected to a finding in favor of the plaintiffs, on the ground that the agreement of the parties to refer the case was in law a discharge of the sureties on the bond given to dissolve the attachment, and a waiver by the plaintiffs of their right to a special judgment under the St. of 1875, c. 68, § 1.

The Superior Court ordered the award to be accepted, and a special judgment to be entered for the plaintiffs to enable them to proceed against the sureties on the bond given to dissolve the attachment. The defendant appealed to this court.

*W. S. Stearns & J. H. Cotton*, for the plaintiffs.

*S. J. Thomas*, for the defendant.

MORTON, C. J. The statute provides that "whenever any defendant in a civil action dissolves an attachment made in said suit, by giving bond as provided by the statutes of this Commonwealth, and has already been or afterwards is adjudged a bankrupt, the court may, at any time, upon motion, if it

appears that the plaintiff is otherwise entitled to judgment in said action, enter a special judgment therein which shall be entitled, 'special judgment for the plaintiff to enable him to proceed against the sureties upon the bond given to dissolve the attachment;' and said judgment shall be deemed and taken to be a sufficient judgment, within the meaning of said statutes, to enable the plaintiff to maintain an action against the sureties on said bond, no other objection existing thereto: provided, the attachment, for the dissolution of which said bond was given, was not made within four months next preceding the commencement of proceedings in bankruptcy." St. of 1875, c. 68, § 1. The subsequent sections of the statute provide that all bonds to dissolve attachments shall contain a condition obliging the sureties to pay to the plaintiff within thirty days after the entry of any such special judgment the sum for which said judgment shall be entered.

The only question presented to us is whether the plaintiffs, under the facts of this case, are entitled to have such special judgment entered in their favor.

It appears that, after the case was entered in court, the parties agreed to refer it to an arbitrator, " whose decision and award shall be final and conclusive; " and that, in accordance with this agreement, the case was referred to a referee by a rule of court in the common form. The defendant contends that such reference was in law a discharge of the sureties on the bond to dissolve the attachment and a waiver of the plaintiff's right to the special judgment.

We cannot see any force in this suggestion. The case was referred, not by a submission *in pais*, but, as we have before said, by a rule of court. In such case, the referee derives his authority, not from the consent of the parties, but from the court. The case remains in court, subject to the power of the court, and a judgment must be entered by the court. *Woodbury* v. *Proctor*, 9 Gray, 18. A reference by rule of court is one of the lawful and common modes of procedure for the purpose of ascertaining the facts of a case; it is a substitute for a trial by jury. When the reference is of the case only, and does not include other claims of the parties, it does not discharge bail nor dissolve an attachment. *Haskell* v. *Whitney*, 12 Mass.

47. *Bean* v. *Parker*, 17 Mass. 591. *Hill* v. *Hunnewell*, 1 Pick. 192.

When a surety causes an attachment to be dissolved by giving a bond to pay the judgment which may be entered in the suit, he is bound to pay the judgment duly entered, and has no right to object that the mode of proceeding in court was a reference under a rule, any more than he has to object that the case was sent to an auditor, or was tried by the judge without a jury.

We are of opinion, therefore, that the Superior Court rightly entered a special judgment for the plaintiffs in this case.

*Judgment affirmed.*