WILLIAM N. OTIS *vs.* CASSIUS M. VON STORCH.

When one of two debtors is surety for the other, and the common creditor has taken security from the principal debtor, he must give the surety the benefit of the security either by way of payment or subrogation. If the creditor surrenders the security without the surety's consent, the surety is *pro tanto* discharged. The surety may show the surrender in defence either at law or in equity.

If this relation of principal debtor and surety does not appear on the face of the obligation, it may be shown by extrinsic evidence, as may also notice to the creditor of the relation.

But the surrender of the security to discharge the surety must be a surrender of property actually acquired by the creditor for security. Mere non-action on the creditor's part, or neglect to obtain possession of property for security which with more effort he might have obtained, does not discharge the surety.

DEFENDANT'S petition for a new trial.

This action was *assumpsit* on a promissory note brought against the defendant as a joint and several maker thereof with one Charles H. Scott.

At the trial the defendant offered evidence to show that, as between himself and the co-promisor, he was surety for the payment of the note. The defendant also called the plaintiff as a witness to show that the plaintiff had taken a mortgage from Scott to secure the note. The plaintiff testified to having received but a portion of the property covered by the mortgage.

On the objection of the plaintiff's counsel, all this evidence was

excluded by the court, the presiding justice ruling that the defendant was a joint and several maker, as such was liable on the note, and could not change this liability by parol evidence.

To this ruling the defendant excepted.

*June* 13, 1885. DURFEE, C. J. We think it well settled that, where the relation of principal and surety exists between two debtors, it is the duty of the creditor, if he knows of the relation, and has taken collateral security from the principal debtor, even though both are principals as to him, either to enforce the security himself, and apply the avails of it to the debt, or to preserve it for the surety, so that the surety paying the debt can have the benefit of it by way of subrogation; and that if the creditor, in violation of his duty, surrenders the security without the consent of the surety, the latter will be discharged either wholly or *pro tanto*, according to the value of the security so surrendered; and that, according to modern decisions, the surety is entitled to show the surrender by way of defence at law as well as in equity. *Baker* v. *Briggs*, 8 Pick. 122; *Guild* v. *Butler*, 127 Mass. 386; *New Hampshire Savings Bank* v. *Colcord*, 15 N. H. 119; *Springer* v. *Toothaker*, 43 Me. 381; *Ferguson* v. *Turner*, 7 Mo. 497; *Kirkpatrick* v. *Hawk*, 80 Ill. 122; *Rogers* v. *School Trustees*, 46 Ill. 428; *Neff's Appeal*, 9 W. & Serg. 36; *Everly* v. *Rice*, 20 Pa. St. 297; *Mayhew* v. *Crickett*, 2 Swans. 185. It is also well settled that the fact that one debtor is surety for the other is no part of the contract, but merely a collateral fact, which, if it does not appear on the face of the obligation, may be proved, together with the fact of notice thereof to the creditor, by extrinsic evidence. *Guild* v. *Butler*, 127 Mass. 386; *Hubbard* v. *Gurney*, 64 N. Y. 457. It follows that the ruling of the court at *nisi prius* was erroneous in point of law, and that the defendant is entitled to a new trial if he has been injured by it. The petition shows that the testimony of the plaintiff introduced by the defendant was that he took from the principal debtor, by way of collateral security, a mortgage of the debtor's household furniture, buggy and harness, and an assignment of bills or book accounts; that all that had been delivered to him under the mortgage was the buggy and harness, which he had sold, netting by the sale the sum of $21.80; that he had asked for a list of the bills or ac-

counts, but had never been able to get it, and did not know who owed them ; and that he had asked for the furniture, but the debtor had never delivered it, and it was still where it was left by the debtor. It was at this point, while the defendant was pursuing the inquiry as to the furniture, that the counsel for the plaintiff interposed the objection which was sustained. The petition does not show, and it is not claimed, that the mortgage has ever been released or given up. Nor does it appear from the petition, as allowed with amendment by the court, that the defendant had any testimony other than that of the plaintiff to show what had become of the mortgaged or assigned property, or any testimony to show that the plaintiff had been guilty of any other default or fault with regard to it than this, namely, that he had omitted to reduce it to possession when, with a little more effort, he might have done it. But if this was all he could show, the ruling did not harm him, and a new trial could do him no good ; for the surety is not exonerated, either wholly or in part, by mere non-action or passivity on the part of the creditor, so long as the security, or any property or advantage actually taken or acquired under it, is preserved unimpaired. Colebrook on Collateral Securities, § 241. We decide, therefore, that the petition must be dismissed, unless the petitioner will satisfy us by affidavit, to be filed on or before the 20th inst., that he had good reason — stating the reason — to believe that but for the ruling he could have been able to show that the plaintiff came into the actual possession of property under the mortgage or assignment, and subsequently surrendered it. *Order accordingly.*

*Robert W. Burbank*, for plaintiff.

*Simon S. Lapham*, for defendant.

Subsequently the affidavit above spoken of was filed, and the petition for a new trial was granted.