ALFRED L. DARROW vs. GRENVILLE D. BRAMAN.

Suffolk.   January 20, 1909. — March 29, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ..

*Practice, Civil*, Amendment, Referee, Appeal.   *Reference and Referee.   Pleading,. Civil.*

It is not an improper exercise of discretion for a judge to refuse to allow a defendant in an action of contract to amend his answer by setting up the statute of frauds after the case by agreement of parties has been referred to a referee,. before whom the question was not raised, and the referee has filed a report containing no allusion to such a defense.

Where in an action of contract the terms of a reference without limitation by agreement of parties are that judgment upon the referee's report is " to be final. and execution to issue accordingly," the decision of the referee is final upon all questions of law and fact, unless some question voluntarily is reserved by the referee for revision by the court where the action is pending.

Where an action of contract has been referred to a referee without any limitation. by agreement of parties, all defects in the pleadings are waived, and, *it seems*, that the defendant can urge as a defense before the referee non-compliance with the statute of frauds, although such non-compliance is not set up in the answer.   By BRALEY, J.

The report of one to whom by agreement of parties an action of contract was referred without any limitation, judgment on the report " to be final," contained the following language: " Under the terms of the reference, my findings are to be final, but this I understand to mean that my findings are not to be final if. upon the facts reported they are manifestly erroneous, and therefore I deem it only fair to the defendant to go more fully into the defendant's contention than I should if I were submitting my report as auditor."   Following the above passage was a detailed statement of the contention made by the defendant before the referee as to what conclusions of fact should be reached upon the evidence submitted, and a statement by the referee of his reasons for not reaching such conclusions.   *Held*, that the referee did not in his report reserve any question, for revision by the court to which his report was made.

*Whether*, on an appeal to this court from the granting of a motion for judgment upon the report of a referee to whom an action of contract has been referred by agreement of parties without any limitation, judgment upon the report " to be final," the report itself is a part of the record, here was not decided, since it appeared that the referee in his report reserved no question for revision by the court to which his report was made, and therefore no question was before this court.

CONTRACT, for services as an architect.   Writ in the Superior Court for the county of Suffolk dated November 30, 1897.

The case was referred to George L. Huntress, Esquire, under the following rule:

" Rule to Referee.

" And now the Parties appear and agree to refer this action to the determination of George L. Huntress, Esq.

" Report to be filed on or before September 30, 1906, judgment thereon to be final and execution to issue accordingly; and if either party neglects to appear on due notice, then the referee —— to proceed *ex parte.*"

In his report, the referee found in substance that the defendant, having in view the purchase of certain land and having the intention to build thereon, requested the plaintiff, an architect, to prepare a sketch of such buildings as the defendant desired. The plaintiff thereupon made sketches which were approved by the defendant. During the progress of the sketches the defendant told the plaintiff that one Bassett was to become the owner of the land and the builder of the houses. Upon the plaintiff's objecting to making plans for Bassett, of whose financial responsibility he felt uncertain, the defendant said to the plaintiff, " I will arrange for your payment," and told the plaintiff to arrange the price of the plans with Bassett. Later the plaintiff arranged the price with Bassett, but in the meantime the defendant had received a conveyance of the land. After the arrangements between Bassett and the plaintiff had been made, the defendant conveyed the land to one Thomas instead of to Bassett, the plaintiff not knowing of the change of the defendant's arrangement but proceeding with his work on the plans.

Upon learning of the fact that the title to the land was in Thomas, the plaintiff prepared in writing a statement of the times when he should be paid instalments of the price for his plans as arranged for between him and Bassett and handed it to the defendant in Bassett's presence. A week later in the plaintiff's presence the defendant handed the statement to Bassett and asked him if the terms named for the payments were satisfactory. Bassett said they were, and thereupon in the presence of the defendant and of the plaintiff wrote below the statement and signed the following order :

" Mr. Braman, Dear Sir: Please pay the above payments to Mr. Darrow on the 8 houses on Beacon St. Wm. Bassett.

" Boston, May 25th."

The plaintiff thereupon handed the completed paper to the

defendant, who read it, said "All right" and put it in a pigeon-hole in his desk.

The report continued: "I find that the defendant by what he said at the time this order was presented to him, and by what he did subsequently with the order, accepted the order and became responsible for the payments as enumerated," and he found that the defendant owed the plaintiff the amount claimed in the declaration.

A passage in the report referred to in the opinion was as follows: "Under the terms of the reference, my findings are to be final, but this I understand to mean that my findings are not to be final if upon the facts reported they are manifestly erroneous, and therefore I deem it only fair to the defendant to go more fully into the defendant's contention than I should do if I were submitting my report as auditor." Following this passage, there was a detailed statement of the contention made by the defendant before the referee as to what conclusions of fact should be reached upon the evidence, and a statement by the referee of his reasons for not being controlled by the contention. It did not appear that the defendant in his argument raised any question as to the promise of the defendant being within the statute of frauds.

After the report was filed, the defendant moved for leave to amend his answer by adding an allegation that the contract "was a special promise to answer for the debt, default or mis-doings of another, that said contract was not in writing, and that no memorandum or note thereof was made in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized, such as is required by R. L. c. 74." The motion was denied by *De Courcy*, J.; and the defendant appealed.

A motion of the defendant for judgment also was denied by the same judge; and the defendant appealed.

A motion of the plaintiff for judgment was allowed by *Richardson*, J.; and the defendant appealed.

*A. Lincoln*, for the defendant.

*P. Keyes*, for the plaintiff.

BRALEY, J. While this action was pending, the parties agreed to refer the controversy under a rule of court to an

arbitrator, upon whose report judgment should be final. The award being in favor of the plaintiff, he is entitled to judgment, unless the defendant's contention that his oral acceptance of the order was within R. L. c. 74, § 1, cl. 2, is sustained.

If, after the reference and the coming in of the report, the case is treated as still governed by the rules of law which would have controlled had it been tried in court, this defense was not open because not pleaded. R. L. c. 173, § 27. Nor is the refusal to allow an amendment pleading the statute reviewable, as the record fails to show that the denial was not discretionary. *Friedenwald Co.* v. *Warren*, 195 Mass. 432, 433.

But the defendant has mistaken the effect of the reference. The plaintiff's claim was submitted without any limitation to the tribunal which the parties selected, whose decision was final as to all questions of law and fact, unless voluntarily reserved by the arbitrator for revision by the court where the case still remained. *Seavey* v. *Beckler*, 132 Mass. 203, 204. It was open to the defendant to urge this defense before him if it was applicable, although not pleaded, as the submission operated as a waiver of all defects or omissions in the pleadings. *Forseth* v. *Shaw*, 10 Mass. 253. *Ames* v. *Stevens*, 120 Mass. 218.

It is further contended that this question was reserved, because the arbitrator states that his findings are not to be final if upon the facts reported they are manifestly erroneous. But he also says in this connection that he makes his report more full by a discussion which follows of the questions of fact as presented by the defendant. In so doing there is nothing to show that he did not intend to rest the award upon his own judgment of the law, as the amplification appears to have been merely for the purpose of attempting to satisfy the defendant that his view of the evidence was not well founded. *Rogers* v. *Mayer*, 151 Mass. 279. *Danvers* v. *Commonwealth*, 184 Mass. 502. The award, being consistent with this purpose, cannot be held to have been intended as leaving open questions of law to be decided. *Smith* v. *Boston & Maine Railroad*, 16 Gray, 521. The report, moreover, while stating fully the grounds of the award, neither makes any reference to this defense nor refers specifically any questions of law to the court for the purpose of revision. *Ellicott* v. *Coffin*, 106 Mass. 365. If the report, there-

fore, is considered a part of the record no error of law appears. *Electric Supply & Maintenance Co.* v. *Conway Electric Light & Power Co.* 186 Mass. 449, 450, 451.

*Judgment affirmed.*