### CHESTER W. DURFEE vs. MICHAEL J. KELLY.

Bristol. — October 22, 1917. — December 7, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Surety. Bills and Notes. Pleading, Civil,* Answer. *Practice, Civil,* Amendment.

One of five sureties, who with their principal signed a promissory note as joint makers, if he pays the whole balance due on the note can maintain an action at law against one of his co-sureties to enforce contribution, and in such action can recover from the defendant one fifth of the amount paid by him.

Where in such action it appears that one of the co-sureties had died before the plaintiff paid the balance due on the note, this does not change the proportion that he can recover from the defendant.

A surety thus sued for contribution can set up the defence that he was discharged from his liability as surety, at least to the extent that he was injured thereby, by an arrangement made by the payee of the note with the principal maker without the consent or knowledge of the sureties whereby the payee gave up a part of the collateral security.

In the same case it was *held* that this defence was not open to the defendant in the present case because it was not pleaded by him.

In the same case it was *held* that, after a verdict had been ordered and had been entered for the plaintiff, the question whether the defendant should be allowed to amend his answer by setting up the defence of such a discharge from his liability as surety, which would require a new trial, was wholly within the discretion of the presiding judge, and that his refusal to allow such an amendment was final.

Where the shares in a corporation held as collateral security for the payment of a promissory note signed by sureties as well as by the principal debtor have declined in value, the failure of the payee of the note to sell the shares before the decline does not discharge the sureties, if no wrongful conduct on the part of the payee appears and the sureties have stood by and let the decline in value proceed when they might have paid the note and have received and sold the collateral security.

CONTRACT by the assignee under an instrument in writing of Alfred H. Leeming and Elisha H. Small, two of the five sureties on a certain promissory note, which was paid by the plaintiff's assignors, against another of the five sureties for contribution. Writ dated February 25, 1915.

In the Superior Court the case was tried before *Brown,* J. The note was dated February 24, 1909, and was originally for $6,750. It was payable to the B. M. C. Durfee Safe Deposit and Trust Company and recited that the makers had deposited as collateral

security a certificate for one hundred and forty-five shares of the Higgins-Fraze Company. The note was signed by William A. Fraze as principal and by Alfred H. Leeming, William Squire, Elisha H. Small, Michael J. Kelly and Margaret Kelly as sureties. The balance due on the note on February 24, 1915, was $4,100 and this amount was paid on that day by the plaintiff's assignors. All the parties who had signed the note except Margaret Kelly were living on that day. The bond of the administrator of Margaret Kelly's estate was approved on March 10, 1911.

Certificates for one hundred and forty-five shares of stock in the Higgins-Fraze Company, a Massachusetts corporation, were handed to the cashier of the payee with the note in question on the date of the note, in compliance with the provision in the note for the giving of collateral security. At the date of the note the one hundred and forty-five shares of stock in the Higgins-Fraze Company were worth their par value, $100 a share. In June, 1910, a sale was made in the market of some of the stock of that corporation at the rate of $37 a share. In 1915, when the plaintiff's assignors paid the balance of the note, the Higgins-Fraze Company had failed absolutely and had gone out of business. No effort was made by the payee of the note to sell the one hundred and forty-five shares that it held or any part thereof.

In 1911 the payee delivered up to Fraze the certificate calling for one hundred and forty-five shares of the Higgins-Fraze Company stock that it had received with the note and took in its stead a certificate calling for forty-two shares of the Higgins-Fraze Company stock.

The defendant was a brother-in-law of Fraze and signed the note at his request "but received no physical consideration for his signature."

The treasurer of the payee testified that the payee had made no effort to sell the stock that had been given it as security. Upon objection by the plaintiff the judge ordered this evidence of the payee's treasurer stricken out. The defendant excepted.

At the conclusion of the evidence, at the plaintiff's request, the judge ordered the jury to return a verdict for the plaintiff, but refused his request that the verdict be for one fourth the amount paid and directed a verdict for one fifth thereof and interest, namely, $914.30, and reported the case for determination by this court.

After the verdict the defendant offered the following amendment to his answer:

"That the defendant is discharged from liability in connection with said note because the payee gave up to the principal debtor the shares of stock held by it as security and given to it with said note and took in place thereof a lesser number of shares without the consent of the defendant and other sureties."

The judge refused to allow this amendment.

If the orders to strike out the portion of the testimony of the payee's treasurer and to return a verdict for the plaintiff were correct, judgment was to be entered for the plaintiff for one fourth or one fifth of the amount paid, as this court should decide.

If ordering a verdict for the plaintiff was wrong or if the direction ordering such evidence stricken out was wrong, the verdict was to be set aside and the case was to stand for trial or such other disposition was to be made of the case as this court should determine.

The case was submitted on briefs.

*J. A. Kerns,* for the defendant.

*F. A. Pease,* for the plaintiff.

BRALEY, J.　The plaintiff's assignors having paid the promissory note on which the defendant with themselves and two other persons had become bound jointly and severally to the payee as sureties, the right accrued to enforce contribution in an action at law. And, notwithstanding the decease of one of the co-sureties, the plaintiff is entitled to recover, not one quarter, but one fifth of the amount which he has paid. *Griffin* v. *Kelleher,* 132 Mass. 82, 83, and cases cited.

By the tenor of the note the payee was charged with notice of the relations between the principal debtor and the sureties. *Guild* v. *Butler,* 127 Mass. 386, 389. And the payee, as the jury could find, having voluntarily relinquished without the consent or knowledge of the sureties a part of the security, the defendant, even if not thereby entirely discharged, would be exonerated to the extent to which he had been injured.

While this defence may be made at law as well as in equity by a surety sued for contribution, yet it is unavailable because not pleaded. *Guild* v. *Butler, ubi supra. Friedenwald Co.* v. *Warren,* 195 Mass. 432, 434. And whether after a verdict for the plaintiff the

defendant should have been permitted to amend his answer setting up exoneration, where unless the motion was denied a new trial would be necessary, as the jury had not passed upon the issue, was a question within the discretion of the presiding judge, whose refusal to allow the amendment shows no error of law. *Darrow* v. *Braman*, 201 Mass. 469, 472.

The remaining defences of the statute of limitations, the extension of the time of payment of principal and interest by the acceptance of instalments, and that upon demand the assignors voluntarily paid the amount remaining due on the note, and that the payee lost its rights against the sureties because it failed to sell, but remained inactive while the security depreciated and finally became worthless, are unsupported by the record.

The note expressly provides, "And it is part of the undertaking of the sureties hereon that their liability shall continue as long as this note or any part of the same or any renewals thereon or part of said renewals remain unpaid notwithstanding any extension or extensions of the time of payment at the same or any other rate of interest and without notice to them." Nor is it shown that the assignors knew of the partial surrender of the pledged shares. And a surety, being bound to pay the debt, is not obliged to incur the costs of defending an action. *Warner* v. *Morrison*, 3 Allen, 566.

If the value of the collateral which the payee held not merely for its own security but in trust for the indemnity of the sureties has been lost through forbearance or delay, no wrongful conduct of the payee appears. The sureties did not move. They could have discharged the debt at any time before depreciation set in and received the security. But having remained inactive, and there being no evidence of any affirmative act of negligence by the payee which resulted in their injury, the defendant has not been discharged either wholly or partially. *American Surety Co.* v. *Vinton*, 224 Mass. 337, 339, 340. *Gray* v. *Farmers' National Bank*, 81 Md. 631. *Benedict* v. *Olson*, 37 Minn. 431. *Newark* v. *Stout*, 23 Vroom, 35. *Schroeppell* v. *Shaw*, 3 Comst. 446. *Hayes* v. *Ward*, 4 Johns. Ch. 123, 130. *Otis* v. *Von Storch*, 15 R. I. 41. *Uniontown Bank* v. *Mackey*, 140 U. S. 220.

We have considered all the questions argued and by the terms of the report the plaintiff is to have judgment on the verdict.

*So ordered.*