CANAL NATIONAL BANK *vs.* E. W. COX et al, Adm'rs.

Cumberland.    Opinion November 15, 1921.

*The appointment of Commissioners under R. S., Chap. 68, Sec. 55, upon application of administrator to whom a claim in writing against the estate has been presented, and a hearing had before such Commissioners, operate as a waiver of any defect or insufficiency in the claim as presented.*

The plaintiff having a claim against the estate of F. E. Richards deceased, presented such claim in writing to the Administrators of said estate. The defendants contend that such claim is insufficient and ineffectual. But the defendants did not rely upon the information furnished them by the claim as presented, but made application under R. S., Chap. 68, Sec. 55 for the appointment of Commissioners to "determine whether any and what amount shall be allowed." Commissioners were appointed, a hearing had and a report made in favor of the defendants. Upon appeal the plaintiff recovered a verdict.

*Held:*

That the appointment of Commissioners upon the defendants' application and hearing had before them operate as a waiver of any defect or insufficiency in the claim as presented.

On exceptions by defendants. An action against the administrators of the estate of the late Fred E. Richards, to recover on notes given to plaintiff by one Ludwell L. Howison bearing the endorsement of intestate. A claim in writing was presented to the administra-

tors by plaintiff under R. S., Chap. 92, Sec. 14, which the defendants contend did not conform to the requirements of the statute. Defendants made application for the appointment of commissioners under R. S., Chap. 68, Sec. 55, to "determine whether any and what amount shall be allowed on each claim." Defendants filed a plea of the general issue and a brief statement alleging insufficiency of the claim in writing as presented to them. The jury returned a verdict of $5,900 for plaintiff. Defendants took exceptions, first to a ruling of the presiding Justice on the admission of evidence, second to a denial by presiding Justice of a motion for a directed verdict for defendants, and third, to a part of the charge of the presiding Justice to the jury. Exceptions overruled. .

Case is stated in the opinion.

*Bradley, Linnell & Jones,* for plaintiff.

*Woodman, Whitehouse & Littlefield,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, DEASY, JJ.

DEASY, J. This is an action against the administrators of the estate of the late Fred E. Richards. The plaintiff recovered a verdict. The only question now before us arises out of the defendants' contention that the claim as presented to the administrators under R. S., Chap. 92, Sec. 14, does not conform to the requirements of the statute.

In the case of *Hurley* v. *Farnsworth,* 107 Maine, 308 the court by Emery, C. J., says: "At the least the administrator is entitled to as much particularity of statement in the prior presentation of the claim as he would be entitled to in the declaration in an action against him."

In *Palmer's Appeal,* 110 Maine, 447, this doctrine is qualified in a slight degree as follows: "They are entitled to have the claim stated with as much particularity but perhaps not with as much formality as would be required in a declaration in a suit on the claim."

Applying to the claim presented in the pending case the test prescribed in *Hurley* v. *Farnsworth,* even as qualified in Palmer's Appeal, it may be insufficient.

It is, however, unnecessary to pass upon this question for the reason that any irregularity or insufficiency in the claim as presented has clearly been waived.

The defendants did not rely upon the information furnished them by the claim as presented but made application under R. S., Chap. 68, Sec. 55, for the appointment of commissioners to "determine whether any and what amount shall be allowed on each claim."

Courts uniformly hold that submission of a case to arbitration or reference is a waiver of all defects in pleading.

*Adams* v. *Hill*, 16 Maine, 215; *Hicks* v. *Sumner*, 50 Maine, 293; *Greenleaf* v. *Allen*, 83 Maine, 335; *Page* v. *Monks*, 5 Gray, 492; *Ames* v. *Stevens*, 120 Mass., 218.

Our court has held that where no claim whatever is filed such failure is waived by the appointment of commissioners upon the defendants' application. With greater reason is this true where a claim is filed which tested by the strict rules of common law pleading is technically defective.

"The parties are at issue whether the claim was duly presented in writing by the plaintiff and their testimony is directly in conflict. We do not deem it material to determine which should be believed as we think the petition of the defendant for the appointment of commissioners to determine the validity of the claim was an admission or waiver of a presentation and demand." *Whittier* v. *Woodward*, 71 Maine, 162. This case was approved and followed in *Hatch* v. *Dutch*, 113 Maine, 407.

*Exceptions overruled.*