· WESTBROOK TRUST COMPANY

*vs.*

FREMONT E. TIMBERLAKE et als., Adm'rs.

Cumberland.   Opinion December 23, 1921.

*An extension of payment for a time certain, for a consideration by a holder of a*
*note to the principal promissor, relieves an unassenting accommodation*
*promissor of liability, if the holder knows of his relation to the note,*
 *and knows that he is unassenting to such extension.*

An accommodation maker on a note becomes discharged of liability when and
if the holder, knowing the accommodating one in that relation, and know-
ing too, that he is unassenting to a change, sees fit to grant the principal
promissor an extension of payment for a definite time, on a sufficient con-
sideration.

On motion for new trial.   An action by plaintiff to recover from
the administrators of the estate of Fred E. Richards upon a note of
$20,000 dated December 18, 1916, on sixty days, signed by Ludwell
L. Howison, as the principal promissor, and signed  by Fred E.
Richards, as an accommodation promissor.   On February 16, 1917 the
plaintiff received from Ludwell L. Howison, the principal maker of
the note in suit a new sixty-day note for the same sum, signed by him,
but not signed by the accommodation maker, Fred E. Richards,
which was entered upon plaintiff's discount register.   The note in
suit was stamped "Paid" by the plaintiff and retained.   Defendants
among other things alleged that an extension of the time of payment
of the note had been granted by plaintiff to Ludwell L. Howison for
a consideration without the assent of the accommodation promissor,
Fred E. Richards.

The jury returned a verdict for defendants, and the plaintiff filed
a general motion for a new trial.   Motion overruled.

· The case is fully stated in the opinion.

*William Lyons*, for plaintiff.

*Woodman, Whitehouse & Littlefield*, for defendants.

SITTING:  CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

DUNN, J.   Even a cursory reading of the record will show that
Fred E. Richards, on December 18, 1916, signed a promissory note
for twenty thousand dollars on sixty days with one Howison to aid
the latter in procuring a loan from the Westbrook Trust Company,
and that the bank as payee discounted the note with a full knowledge
of the purpose of Richards' signature.   Mr. Richards lent his credit
as an accommodation and the bank lent money.   As between himself
and Howison, Richards' engagement was nothing else but one which
he might have rescinded at any time before the negotiation of the
note.   But when that instrument was put in circulation the rights
and liabilities of Richards became those of a promissor receiving
valuable consideration for his signature; save that, in the event of
an action being brought upon his promise, it would be open to him to
establish by parol that he had signed as surety, without consideration,
and that such fact was known to the plaintiff.   *Lime Rock Bank* v.
*Mallett*, 34 Maine, 547; *Cummings* v. *Little*, 45 Maine, 183; *Harris* v.
*Brooks*, 21 Pick., 195.
   At maturity the note was not paid.   The bank requested Howison
to pay it.   He tendered his personal note without endorsement.
This the bank received, but not in payment of the old note as it tells,
and the telling seems borne out.   Nothing further took place, in
spite of repeated demands to Howison for a settlement, until one day
in the following August.   Howison at that time paid five hundred
dollars to the bank, which was credited as for six months interest on
the original note; that is to say, for the period of time inclusively
from the maturity of the note to a day about one week ahead of that
on which the interest payment was made.   And, besides, the time
for payment of the principal of the note was thereupon extended for
sixty days, as the bank record shows; Richards, the virtual surety,
neither expressly nor by implication being in any sense a party to the
arrangement.   The note without an endorsement was now entered
with the discounts of the bank and extended for payment as was the
one before it.   But the possible effect of this is not especially urged
in argument.   *Andrews* v. *Marrett*, 58 Maine, 539; *Thomas* v.
*Stetson*, 59 Maine, 229.   At the end of the sixty days, Howison brought
to the bank a thirty thousand dollar note on sixty days, which was
passed for discount, and thereupon the two earlier notes, regarded as

a single item for the amount of the very first, were charged against the proceeds; but the thirty thousand dollar instrument was not legitimately born.   Endorsement on this note, and as well the endorsements on three more notes given in respective renewals of it, eventually were determined to be spurious.   Therefore, neither the initial forgery-tainted note, nor any of the like notes in the series which it begins, had efficacy to pay the original note (*Sandy River Bank* v. *Miller*, 82 Maine, 137), that the bank had stamped as paid, upon having the first of the false ones, but never has surrendered.   Later, in innocence and in rashness, the bank's treasurer attempted to erase from the note the impressions indicative of cancellation which a rubber stamp had made.   Whether that action was destructive of evidentiary power is a subject that the occasion does not necessarily call to attention.   For the purpose of this decision the original note is to be regarded as clothed in its primary potency.

The bank would have defrayment of that obligation by the administrators of Mr. Richards' estate.   A jury has found for the defendants.   Plaintiff's motion for a new trial is without worth.

An accommodation maker on a note becomes discharged of liability when and if the holder, knowing the accommodating one in that relation, and knowing too, that he is unassenting to the change, sees fit to grant the principal promissor an extension of payment for a definite time, on a sufficient consideration.   *Lime Rock Bank* v. *Mallett*, 42 Maine, 349; *Dunn* v. *Spaulding*, 43 Maine, 336; *Andrews* v. *Marrett*, supra; *Stewart* v. *Oliver*, 110 Maine, 208; *First National Bank* v. *Blake*, 113 Maine, 313; *Guild* v. *Butler*, 127 Mass., 386.   So is the rule, as law has adopted it from equity.   The receipt of the interest in advance was a good consideration for the agreement which extended the time of payment.   *Stewart* v. *Oliver*, supra.   The length of an appreciable extension is of no importance.   Allow it said in distinction, though, that the mere taking of advance interest on an overdue note would not absolve an accommodation maker from liability.   *Freeman's Bank* v. *Rollins*, 13 Maine, 202.   The ruling element lies in a contract for the extension of the time for the payment of the note itself.   The receiving of interest is only a circumstance. It may satisfy the jury that an agreement to give further credit was made, or it may not.   The existence of the agreement is the significant thing, and such existence must be shown by proof.   *Manufacturers Bank* v. *Chabot Company*, 114 Maine, 514.

A reason is assigned in the books for the rule. To have the debt paid by the principal at its maturity, or to pay it then himself, and in either event to have his responsibility terminated, is of the legal rights of a surety. A valid and binding agreement, entered into between the creditor and the chief debtor, without the consent or knowledge of the surety, for an extension of the time of payment, alters the contract that the surety made. It interposes obstacles suspending the exercise of a right of his. He could not, with the agreement outstanding and in force, impel the creditor to proceed in enforcement of payment against the principal. Nor could he himself step in and pay, and, paying, seek indemnity from him who ought to have paid in his stead. *Berry* v. *Pullen,* 69 Maine, 101. *Stewart* v. *Oliver,* supra; *Manufacturers Bank* v. *Chabot Company,* supra.

The legal effect of the facts regarding the extension of the time for payment of the note securely upholds the verdict.

*Motion overruled.*