ESTHER TAUB *vs.* UNITED STATES TRUST COMPANY &
another, executors.

Suffolk.     November 4, 1936. — June 26, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, &
RONAN, JJ.

*Practice, Civil,* Charge to jury; Exceptions: whether error harmful.

A charge to a jury in substance that, if they found that the defendant's
testator made a contract "based upon leaving" the plaintiff property
by will which he had not performed, that contract was unenforceable
and the plaintiff might recover for services rendered in consideration
therefor under a second count of the declaration upon a *quantum
meruit,* was prejudicial error where the plaintiff in the declaration
relied only on a contract by the defendant to give him property in his
lifetime and the statute of frauds was not pleaded.

CONTRACT.     Writ in the Superior Court dated July 6,
1931.

The case was tried before *O'Connell,* J.

The case was argued in this court in November, 1936,
before *Rugg,* C.J., *Field, Donahue,* & *Qua,* JJ., and after
the death of *Rugg,* C.J., was submitted on briefs to *Lummus,
Dolan, Cox,* & *Ronan,* JJ.

*W. P. Murray* & *I. E. Simons,* for the defendants, sub-
mitted a brief.

*J. B. O'Hare,* (*J. H. Baldwin* with him,) for the plaintiff.

RONAN, J.     The declaration in this action of contract
contains two counts.     The plaintiff alleged in the first
count that the testator, a married man, "permanently
separated from his wife," desired to become a member
of her household for his natural life and to have her fur-
nish him with care, nursing, attention and companionship,
and that in consideration thereof he agreed to pay for her
clothing, living, travelling and other expenses and that he
would during his lifetime give her one half of his prop-
erty.     The plaintiff alleges that such an agreement was made
between her and the testator; that she fully performed her

part of the agreement but that the testator failed to give her one half of his property. The second count is on an account annexed for services from May 15, 1927, to May 29, 1930, in the amount of $77,569.03. The jury returned a verdict for the defendants upon the first count and a verdict for the plaintiff in the sum of $11,500 upon the second count. The defendants excepted to the denial of their motion for a directed verdict, to the refusal to give certain requests and to portions of the charge.

The jury could find the following facts: The plaintiff and the testator, Drooker, were cousins and natives of a small town in Russia. They were friendly with each other during childhood. She was only eleven years of age and the testator seventeen or eighteen years of age when he left Russia in 1892. He came to Boston where he established a successful business. After his arrival in America, he wrote to the plaintiff's father and to the plaintiff, telling her of his affection, that he was going to be wealthy, and that she should come to America and he would marry her. The plaintiff married another in 1900 and had seven children. She got no letters from Drooker subsequently to her marriage until after the death of her husband in 1915. She did not know how Drooker learned that her husband was dead. Drooker put an advertisement in a Russian newspaper seeking information as to the plaintiff and she wrote him. She and her children came to America in 1920, in accordance with arrangements made by Drooker, who paid for the transportation. He took the plaintiff to a house he had furnished, and he visited her there several times a week. She soon learned that he was married. He visited her nearly every day and some evenings at the various other places where she and her family resided, having his meals there at times and sometimes staying over night, until 1928, when he made his home with the plaintiff and continued to do so until he went to a hospital a few days before his death in 1930. The plaintiff for years prepared special food for him in accordance with the instructions of his physician, and cared for and nursed him. The testator supplied the furnishings for the first and second houses

where she lived. He paid for the food and clothing for her and her children. He also paid the rent. He gave her spending money. He furnished everything for her support except what she got from her children. Drooker told her that he had been separated from his wife for over ten years and that he had no home. He told her in. 1927 that his wife had brought a libel for divorce and that when it was granted he would marry the plaintiff. The plaintiff told him that two and one half years was a long time to wait before he could marry again, and he replied that he had over $200,000 and that at some time before he died he would give her one half of his property if she would continue to care for him. She advised him that she would do so. He told her in 1928 that his wife had secured a divorce; that he would be free to marry the plaintiff in two and one half years; and that at some time before he died he would give her one half of his property.

The jury were instructed in various terms but in substance and effect that if the agreement between the parties was that the testator was to leave her one half of his property by his will and he failed to do so, then such a contract would be unenforceable, but that would not prevent her from being paid the fair and reasonable value of her services under the second count. The matter was finally left to the jury that "if you find there was a contract, that the contract was based upon leaving part of the estate by will, and the contract was broken by reason of the will not having such provision, that even though the plaintiff cannot enforce the contract as a contract, the plaintiff does have a right to be awarded compensation. That compensation, if awarded by the jury, would be upon the second count of the declaration." The first count was based upon an express contract to recover the contract price, *Howe* v. *Watson*, 179 Mass. 30; *Dixon* v. *Lamson*, 242 Mass. 129; *Wellington* v. *Rugg*, 243 Mass. 30, 34, and the alleged breach occurred at his death without having given her one half of his property. *Morrissey* v. *Morrissey*, 180 Mass. 480. *Tower* v. *Jenney*, 279 Mass. 208. The promise of the testator as alleged in the first count was "that he would give the plaintiff one-half of all his property

at some time before the termination of his natural life."
The plaintiff did not contend that the testator had ever
agreed to make a testamentary provision for her, and the
evidence is insufficient to support any finding that he did.
Moreover, the defendants did not plead the statute of
frauds and they informed the court that they did not rely
upon the statute. *Livingstone* v. *Murphy*, 187 Mass. 315.
*McDonald* v. *Fitch*, 281 Mass. 528. This portion of the
charge was not based upon any issue raised by the pleadings
or upon any question presented by the evidence. The
charge was erroneous, but the defendants were not harmed
as to the first count because the jury returned a verdict for
them, even though we do not know whether the verdict was
based upon the failure of the plaintiff to prove the contract
alleged or upon a finding that she proved a contract which
under the instructions of the court was unenforceable. See
*Kaufmann* v. *Sydeman*, 251 Mass. 210, 217; *Evans's Case*,
299 Mass. 435, 438.

The defendants, however, were prejudiced by the jury
being permitted to find for the plaintiff upon the second
count, if they found that the plaintiff performed services
under a contract not enforceable on account of the statute
of frauds. *DeMontague* v. *Bacharach*, 181 Mass. 256. *Dar-
row* v. *Braman*, 201 Mass. 469. Recovery was allowed on
an issue not properly in the case. *Plummer* v. *Boston Ele-
vated Railway*, 198 Mass. 499, 516. *Nashua River Paper Co.*
v. *Lindsay*, 242 Mass. 206, 209. *Ferris* v. *Ray Taxi Service
Co.* 259 Mass. 401, 405. The defendants' exceptions to the
charge must be sustained.

We need not consider the other questions raised by the
record as they may not be presented in the same form at
the next trial.

*Exceptions sustained.*